JOHN DEISHER v. THE STATE.

No. 6093. Decided June 8, 1921.

1.—Gaming—Precedent—Practice on Appeal—Statutes Construed.

Article 572, Penal Code, and Article 559, Penal Code, are both in effect and are not in conflict, and a construction of these Statutes was fully set out by this Court in Francis v. State, No. 5775, this day decided, and under which opinion the instant case must be reversed. Overruling Robertson v. State, 70 Texas Crim. Rep., 307; Stevens v. State, 70 Texas Crim. Rep., 565. Following Simons v. State, 56 Texas Crim. Rep., 339.

2.—Same—Statutes Construed—Allegation and Proof.

Before a conviction for a felony under Article 559, P. C., can be sustained, if the charge be for permitting, the allegation and proof must show that the owner of property or premises, etc., knew it was being used, etc., for gaming etc.; and if the charge be for renting, the proof must show that the accused rented, etc., for the purpose of being used as a place for gaming etc.

3.—Same—Different Counts in Indictment—Practice on Appeal.

Where a count in the indictment has been abandoned, the defendant cannot, upon a subsequent trial, be prosecuted thereunder, and where the count submitted to the jury failed to charge that the premises alleged to have been rented were appurtenances to a public place, which allegation seems necessary, under Article 572, P. C., the judgment is reversed and the cause dismissed.

Appeal from the District Court of Erath. Tried below before the Honorable J. B. Keith.

Appeal from a conviction of unlawfully and knowingly permitting gambling; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*Grisham Bros.*, for appellant.—On question of insufficiency of evidence: Simons v. State, 120 S. W. Rep., 208; Purvis v. State, 137 id., 701.

*C. M. Cureton*, Attorney General, for the State.

HAWKINS, JUDGE.—Conviction was for knowingly permitting property under control of appellant to be used for gambling purposes. Punishment was assessed to two years' confinement in the penitentiary.

The first count in the indictment, under which appellant was convicted, and the only one submitted to the jury, omitting the formal parts, is as follows: "Did knowingly permit property and premises there situated, and then and there under his control, the same being then and there not a private residence occupied by a family, to be used as a place to bet and wager and to gamble with cards then and there played, and did then and there knowingly permit said property and premises to be used as a place where people resorted to to gamble, bet and wager upon games then and there played with cards."

Under authority of the case of Jerry Francis, Number 5775, this day decided, this case must be reversed. It is not necessary to review the authorities, nor to discuss the reasons, because they have been fully set out by the court in the Francis opinion, in which we have held that Article 572 (389) and Article 559 (388-b) are both in effect and not in conflict. In so far as Robertson v. State, 70 Texas Crim. Rep., 307, and Stevens v. State, 70 Texas Crim. Rep., 565, hold contrary views we disapprove the same and re-affirm Simons v. State, 56 Texas Crim. Rep., 339.

Before a conviction for a felony under Article 559 (388-b), P. C. 1911, can be sustained, if the charge be for "permitting," the proof must show that accused was the owner of property or premises, or had the same under his control; that it was being used as a place to bet or wager, or to gamble with cards, dice or dominoes; or that it was being used as a place in which to keep or exhibit for the purpose of gaming a bank, etc.; or, that it was being used as a place where people resorted to gamble, etc.; that the accused knew it was being so used, and knowingly permitted it to be used for that purpose.

If the charge be for "renting," the proof must show that accused rented to another certain premises, building, room or place for the purpose of being used as a place to bet, or wager, or to gamble with cards, dice or dominoes; or, for the purpose of being used as a place in which to keep or exhibit for the purpose of gaming a bank, table, alley, machine, wheel or device; or, 'for the purpose of being used as a place where people resort to gamble, bet or wager upon anything whatever.

It being necessary to make the proof as indicated, of course, there must be proper allegations in the indictment to support it. It is not intended by the foregoing to suggest a form of indictment, but only to express our views in an effort to analyze and simplify the statute in question. The offenses defined in said article now being felonies some particularity is required in drawing indictments, that questions of duplicity may not arise, or that different offenses may not be embraced in one count.

The second count in the indictment, which was not submitted to the jury perhaps charges an offense under Article 559, according to the suggestions heretofore made in this opinion, but that count having been abandoned when the court submitted only the first count, the appellant cannot on a subsequent trial be prosecuted on the abandoned count See Branch's Anno. Penal Code, Section 628, page 318, for collation of authorities. The first count fails to charge that the premises alleged to have been rented were "appurtenances to a public place," which seems to be necessary under Article 572.

It therefore becomes necessary to reverse the judgment of the trial court, and order the prosecution dismissed under this indictment.

*Reversed and dismissed.*