### J. M. TINDALL v. THE STATE.

#### No. 6766.    Decided October 18, 1922.

Gaming—Indictment—Permitting Gaming—Felony—Arrest of Judgment.

Where defendant was convicted in the District Court for permitting his premises to be used for purposes of gaming, and his punishment was fixed at two years imprisonment in the penitentiary, but a felony conviction could not be sustained under the indictment as drawn, the judgment must be reversed and the cause remanded, although the question was not raised by motion to quash or in arrest of judgment.

Appeal from the District Court of Wheeler. Tried below before the Hon. W. R. Ewing.

Appeal from a conviction of permitting the premises to be used for gambling. Penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*N. Reynodls,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State

HAWKINS, JUDGE.—Appellant was convicted in the District Court of Wheeler County of permitting his premises to be used for purposes of gaming, and his punishment fixed at two years in the penitentiary.

The indictment contained two counts, the second of which only was submitted to the jury. Same reads as follows:

"And the grand jurors aforesaid, upon their oaths aforesaid, do further present in and to said court that on or about the 1st day of March, A. D. 1921, and anterior to the presentment of this indictment in the County of Wheeler, State of Texas, J. M. Tindall did then and there unlawfully and knowingly permit a building, room and place, which was then and there owned by the said J. M. Tindall to be used as a place to bet, wager and gamble, with cards, and as a place where people resorted for the purpose of betting, wagering and gambling with cards, against the peace and dignity of the State."

No motion to quash or in arrest of judgment was made, but appellant here insists that under the authority of the cases of Francis v. State, 90 Texas Crim. Rep., 67, 233 S. W. Rep., 974, and Deisher v. State, 89 Texas Crim. Rep., 467, 233 S. W. Rep., 978, a felony conviction cannot be sustained for the reason that similar indictments were held in said cases not to charge felonies under Article 559 of our Penal Code. An inspection of the opinions in the two cases, *supra,* will show that the indictments condemned as being insufficient to charge a felony under Article 559, P. C., are exact counterparts of the one in the instant case, and under authority of those cases appellant's contention must be upheld. The judgment is reversed and the prosecution ordered dismissed.

LATTIMORE, JUDGE.—I concur with some reluctance in the opinion herein, as I did in the Francis and Deisher opinions, *supra.* It is earnestly hoped that the Legislature will reconcile the apparent conflict in the gambling statutes at the earliest opportunity.