JOSH JOHNSON v. THE STATE.

No. 7968.    Decided January 30, 1924.

Rehearing denied June 25, 1924.

1.—Murder—Confessions—Reasonable Doubt.

No error was committed in the refusal of a requested charge instructing the jury that they must believe the confession of the accused to be true beyond a reasonable doubt before they could convict.

2.—Same—Voluntary Confession—Practice in Trial Court.

Trial courts are not required to submit the voluntary character of confessions as an issue to a jury except there be testimony raising the question as to whether the same is voluntary or not.

3.—Same—Evidence—Bill of Exceptions.

The bill of exceptions complaining of the introduction of testimony that the witness found a broken switch lock at a certain point presents no

error, in' view of the fact that the witness testified that he found the same at said place in pursuance of information given by the accused.

**4.—Same—Argument of Counsel.**

This court finds nothing in the record to justify the argument of appellant's attorney to the effect that the T. & T. Ry. Co., were behind this prosecution in order to avoid liability for damage suits.

**5.—Same—Indictment—Malice Aforethought.**

Where the first count in the indictment under article 1229 P. C. alleged that the act was done with malice aforethought, but no such allegation appeared in the second count in the indictment upon which appellant was tried, a motion in arrest of judgment based on the proposition that the count submitted was fatally defective in that it omitted the allegation that the killing was upon malice aforethought should have been sustained, and the judgment is reversed and the cause remanded.

**6.—Same—Rehearing—Indictment—Different Counts—Jeopardy.**

The first count in the indictment, that which charged murder, having been abandoned after jeopardy attached, the State is concluded as to that phase of the offense. Touching the second count the effect of the opinion is to eliminate from the statute as a substantive offense that part in which it is said, "if the life of any person be lost by such unlawful act, the offender is guilty of murder," however, the second count would constitute an offense and punishment by imprisonment in the penitentiary for a period of not less than two nor more than seven years.

Appeal from the District Court of Wood. Tried below before the Honorable J. R. Warren.

Appeal from a conviction of murder; penalty, ninety-nine years imprisonment in the penitentiary.

The opinion states the case.

*R. E. Bozeman* and *R. M. Smith,* and *J. W. Lambert,* for appellant.—On question of defective indictment: Jones v. State, 110 S. W. Rep., 742; Pharr v. State, 7 Texas Crim. App., 742; McElroy v. State, 14 id., 235; Sharp v. State, 17 id., 486; Cravey v. State, 35 S. W. Rep., 658; Honeywell v. State, 49 id., 586; Hamlin v. State, 47 id., 663, and cases cited in the opinion.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant attorney and *C. L. Black,* for the State.—Cited: Grant v. State, 132 S. W. Rep., 350; Pharr v. State, 7 Texas Crim. App., 472; Garnett v. State, 1 Texas Crim. App., 605; Boshard v. State, 25 Texas Sup. 207; Wilkerson v. State, 2 Texas Crim. App., 255.

HAWKINS, JUDGE.—Appellant was convicted in the District Court of Wood County of murder, and his punishment fixed at ninety-nine years in the penitentiary.

From the evidence it appears that the appellant was in the employ of the Texas Pacific Railway Company as a section hand, and that

about the date alleged in the indictment he broke a switch lock and threw a switch upon the track of said railroad company, and shortly thereafter the Sunshine Special passing along said line ran into the broken switch and the engine was derailed killing a fireman.

We will dispose of some preliminary propositions before coming to what we consider to be the question involved in this case. No error was committed in the refusal on the part of the trial court to tell the jury that they must believe the confession of the accused to be true beyond a reasonable doubt before they could convict; nor do we think it erroneous for him to refuse to apply the rule of malice aforethought to the act or acts of the accused in breaking the switch lock.

Trial courts are not required to submit the voluntary character of confessions as an issue to a jury except there be testimony raising the question as to whether same was voluntary or not.

As we understand the bill of exceptions complaining of the introduction of the testimony of Mr. Horton that he found a broken switch lock at a certain point, same presents no error in view of the fact that he testified that he found same at said place in pursuance of information given him by the accused. A statement of the accused while under arrest which is found to be true and which conduces to show his guilt, as was the finding of the broken switch lock in the instant case, would be admissible under Art. 810 of our Code of Criminal Procedure, whether such statement be made while under arrest or not.

We find nothing in the record to justify the argument of appellant's attorney to the effect that the T. & P. Ry. Co. were behind this prosecution in order to avoid liability for damage suits. This being true, it was not error to instruct such attorney to desist from arguing such fact.

The decisive point involved in this case is the sufficiency of the indictment. Article 1229 of our Penal Code is as follows:

"If any person shall wilfully place any obstruction upon the track of any railroad, or remove any rail therefrom, or displace or interfere with any switch thereof, or in any way injure such road, or shall do any damage to any railroad, locomotive, tender, or car, whereby the life of any person might be endangered, he shall be punished by imprisonment in the penitentiary not less that two nor more than seven years. If the life of any person be lost by such unlawful act, the offender is guilty of murder."

The count of the indictment herein upon which conviction was had reads as follows:

"And the grand jurors, aforesaid, upon their oaths aforesaid, do further present in and to said court that Josh Johnson on or about the 24th day of November, A. D. 1922, and anterior to the presentment of this indictment, in the County of Wood and State of Texas, did then and there unlawfully and wilfully interfere with, turn and change a switch on the track of a railroad there situated,

to-wit: on the track of the Texas and Pacific Railroad, so as to wreck and thereby causing the wrecking of a railway train on the track of the said Texas and Pacific Railroad, as aforesaid, then and there, thereby causing the death of Charlie Cox, who was then and there the locomotive fireman on the locomotive of the train so wrecked; against the peace and dignity of the State.''

This was the second count. The first count was similar save that it alleged that the appellant 'with his malice aforethought'' killed and murdered the deceased by the doing of those things set out in the second count. A motion in arrest of judgment based on the proposition that the count submitted was fatally defective in that it omitted the allegation that the killing was ''upon malice aforethought'' was overruled. A special charge defining malice aforethought and applying of same to the facts of the case was refused. We are thus confronted with the proposition as to whether an indictment for murder in this State must allege that the killing was with malice aforeto the acts of the accused in this indictment, amount to the legal equivthought, and if not, then does the use of the word ''wilful'' as applied alent of malice aforethought.

Murder under our statute is defined by Article 1140 P. C. as follows:

''Every person with sound memory and discretion who, with malice aforethought, shall unlawfully kill any person within this State shall be guilty of murder.''

In McElroy v. State, 14 Texas Crim. App., 235, there was raised only the question that the indictment having omitted the words ''malice aforethought'' was insufficient, and that a motion in arrest of judgment should have been sustained. This court tersely states the rule: '' 'Malice aforethought' are technical words for which in an indictment for murder there can be no equivalent or substitute.'' This announcement has never been questioned in any subsequent decision. In Sharp v. State, 17 Texas Crim. App., 486, this court, speaking through Judge White, says that for three and one-half centuries it has been almost uniformly held by tribunals among English speaking people that an indictment for murder punishable by death is sufficient if it charges that the homicide was with malice aforethought, and from Bishop's Criminal Procedure is quoted approvingly the following: ''It is agreed on all hands,'' says Mr. Bishop, ''that the words 'malice aforethought' are essential in an indictment for murder.'' So in the case of Hamlin v. State. 39 Texas Crim. Rep.. 605, this court said:

''The grounds of appellant's objection are, as we understand it, that our statute makes murder upon express malice a distinct offense, and a homicide by poisoning a distinct offense, and it is not necessary that the latter contain, as an essential element, the charge of malice aforethought. This is not the rule. From time

immemorial, a charge of poisoning, as one of its distinctive elements, contains the charge that it was done with malice aforethought. Unless it was so done, it is not murder. A killing by poisoning may be either negligent or purely accidental homicide. The rule at common law required that an indictment for poisoning contain the allegation 'malice aforethought.' See Whart. Hom., sec. 735. In 1 Hale, P. C. p. 455, we find: 'He that wilfully gives poison to another, that hath provoked him or not, is guilty of wilful murder. The reason is because it is an act of deliberation, odious in law, and presumes malice.' The same rule has been followed in this State. See Tooney v. State, 5 Texas Crim. App., 163. We would moreover, observe in this connection, that certainly appellant can not be heard to complain, because, if his contention be true, it was only necessary to prove homicide by poisoning; but the indictment superadded to this, and the court instructed the jury accordingly, that there must be both poisoning and malice aforethought. If the court had failed or refused to submit a charge requiring the jury to believe that the homicide was committed with malice aforethought, it would have been error."

In Jones v. State, 53 Texas Crim. Rep., 136, appears the following:

"It has also been held that, although an indictment charged the killing was with express malice aforethought, a conviction under it will not be disturbed, because the proof showed not only such malice, but also that the killing was done in the perpetration of burglary or robbery. Mitchell v. State, 1 Texas Crim. App., 194, and Wilkins v. State, 35 Texas Crim. App., 525. Under this statute, it has also been held that when the indictment charges a murder committed in the perpetration, or attempt at the perpetration of arson, rape, robbery or burglary, and though such murder is ipso facto murder in the first degree, it is characterized by malice aforethought as much as is murder committed upon express malice; and hence, since without malice aforethought no homicide can be murder, in all such cases it is essential that the indictment should allege that the killing was upon malice aforethought."

This would seem to suffice as authority for the conclusion reached by us that the indictment herein is insufficient, but we note that in Mr. Willson's Criminal Forms 511-516 charging murder by poisoning, torture, starving, etc. the allegation that same was with "malice aforethought" is laid down in each instance. Our poisoning statute, Articles 1077-1079, provides that the administering of poison with intent to kill shall be a felony and if death result within a year same shall be murder. In Rupe v. State, 61 S. W. Rep., 933, discussing murder under this statute, this court says:

"Therefore it must be alleged in a case of murder by poisoning that the killing was done with malice aforethought." In Roach v. State, 8 Texas Crim. App., 490, occurs the following: "Malice is as much the essential ingredient of murder by poisoning or robbery or any

other of the specific modes, as it is of murder by violence done to the person.''

Article 1071 of our Penal Code forbids abortion, and Article 1074 id. states that if by abortion the death of the mother be caused it will be murder. The principle involved is exactly analogous to that before us. Forms laid down by Mr. Branch under the latter statute include first the statement of the acts done by the accused, but conclude with the charge that ''in the manner and by the means aforesaid did with his malice aforethought, kill and murder said . . .''

We have considered this question from what seems to us every possible angle and have concluded that in an indictment in this State attempting to allege murder it must always be charged that it was upon malice aforethought, and hence the learned trial judge erred in not sustaining the motion in arrest of judgment. It would follow that the bill of exceptions complaining of his refusal to give a charge defining and applying the law of malice aforethought to the facts of this case, would also present error based in our opinion upon his belief that the indictment need not allege that the killing was upon malice aforethought.

For the errors mentioned the judgment will be reversed and the cause dismissed.

*Reversed and dismissed.*

ON REHEARING.

June 25, 1924.

HAWKINS, JUDGE.—The State has filed a motion for rehearing, and a persuasive argument in connection therewith, asserting that our original opinion strips Article 1229 of the Penal Code of any meaning, and leaves it with no effective field of operation. We think the effect of the opinion is exaggerated. If the State had proceeded to trial under the first count of its indictment wherein it was alleged that the killing occurred by the use of the same means as charged in the second count, but with the additional allegation that it was done with ''malice aforethought'' the present controversy would not have arisen. There can be no question that when the Legislature enacted Article 1229 it created, as it had the unquestionable right to do, a new criminal offense. After fixing the penalty under ordinary circumstances it could have provided further that in the event the life of any person be lost by any unlawful act so denounced that the punishment should be the *same as in murder,* or specifically, have fixed any punishment thought proper, just as in robbery (Article 1327, Penal Code) an increased punishment is provided where the offense is perpetrated by the use of a firearm or other deadly weapon; or as in swindling, (Article 1421 and 1427 Penal Code) after defining the offense, it is provided that the punishment shall be the *same as*

*in theft*, or in receiving stolen property (Article 1349 Penal Code) the punishment shall be the *same as for theft thereof*. But when the Legislature announced that if a life be lost as a result of any unlawful act covered by Article 1229 that the party should be deemed guilty of "murder," we think it beyond our authority to hold that the Legislature intended to abrogate one of the essential features of murder, to-wit, "malice aforethought" as it applied to a killing so occurring, and we adhere to our original views that to charge murder under such circumstances it is necessary to allege that the killing was done with "malice aforethought."

In an indictment charging murder by any of the means unspecified in Articles 1229, supra, in which indictment there is embraced an allegation that the homicide was committed with *malice aforethought,* the State is not embarassed by the necessity of proving that malice was entertained against any particular individual. On this subject, we quote from the opinion of this court in Tooney's case, 5 Texas Crim. App., 189:

"The design formed must be to kill the deceased, or inflict some serious bodily harm upon him. This would indicate that the malevolence must be directed towards the deceased as its object. . . . This design is not confined to an intention to take away the life of deceased, but includes the intent to do any unlawful act which may probably end in depriving the party of life. Roscoe's Crim. Ev., 707; Stark on Crim. Pl., 711. This specific malevolence towards the person killed may be embraced in such utter and reckless disregard of life as shows a man to be an enemy to all mankind—as, when a man resolves to kill the next man he meets, and does kill him; or shoots into a crowd wantonly, not knowing whom he may kill. 4 Bla. Co. 200. McCoy v. State, 25 Texas, 33. "Malice express consists in the actual and deliberate intention unlawfully to take away the life of another, or do him great bodily harm. Implied or constructive malice is not a fact, but is an inference or conclusion founded upon the particular facts and circumstances of the case as they are ascertained to exist. McCoy v. The State, 25 Texas, 33; 2 Stark on Crim. Pl. 711."

The first count in the indictment, that which charged murder, having been abandoned after jeopardy attached the state is concluded as to that phase of the offense. Touching the second count, the effect of the opinion is to eliminate from the statute as a substantive offense that part in which it is said: "If the life of any person be lost by such unlawful act, the offender is guilty of murder." As very pertinently argued by State's counsel, there might be a prosecution for murder under the general statute, and such was the charge in the abandoned first count. Under the statute in question, (Art. 1229) the acts charged against appellant in the second count would constitute an offense punishable by confinement in the penitentiary for a period of not less than two nor more than seven years.

Instead of ordering a dismissal of the present prosecution as was done in the original opinion the motion for rehearing is granted to the extent that the judgment is reversed and the cause remanded. With this modification, the state's motion for rehearing is overruled.

*Overruled.*