ARTHUR BLACK AND UCLOUS WRIGHT V. THE STATE.

No. 21895. Delivered February 11, 1942.

The opinion states the case.

*B. F. Whitworth,* of Linden, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellants were convicted by a jury of the offense of swindling, a felony, and given a term of· three years in the penitentiary.

This is the second appeal of this case, the former appeal being found in 149 S. W. (2d) 968, 141 Tex. Cr. R. 468.

The facts in the present case are similar to those found in the former appeal, and will not be set forth herein.

The indictment in this cause contains two counts. It consists of count one that alleges straight theft, under which could be proven a theft by false pretext, and the second count charged the offense of swindling. At the former trial hereof, it is shown that after appellants had pleaded not guilty to both counts therein, the trial court withdrew from the consideration of the jury count number two relative to swindling, and only submitted to the jury count number one, relative to a theft by false pretext. The dismissal of such count number two, after a plea of not guilty had been entered, amounted to an acquittal of such count number two.

In 12 Tex. Jur., Sec. 245, p. 564, we find the following:

"Where a defendant has been tried on several counts and con-

victed under one he is thereby acquitted of the others, and may not later be tried upon the ones for which he was so acquitted. Thus where there are several counts in an indictment and only one is submitted to the jury, this amounts to an acquittal upon the abandoned counts, and the defendant may not upon a subsequent trial be prosecuted on the abandoned counts." Also see Gilliam v. State, 131 Tex. Cr. R. 8, 96 S. W. (2d) 86, for discussion and authorities.

In the present instance the trial court withdrew from the consideration of the jury count number one, it being the one upon which the former case went to the jury, and placed appellants on trial before the jury upon count number two, the one which was abandoned at the former trial.

Upon count number two the appellants have been heretofore acquitted, and therefore, the question of their guilt upon such count has heretofore been adjudicated, and they were found not guilty thereof by virtue of its dismissal in the first trial. They have also been found not guilty of the first count herein by virtue of its abandonment in the present trial.

While no formal plea of former jeopardy was filed as against further prosecution upon the second count, the record shows that when the charge of the court showed that upon this trial reliance was had upon said second count, appellant objected thereto upon the ground of former jeopardy. All things necessary to present the question of jeopardy having occurred in the identical case they were matters of which the trial court had judicial knowledge. The charge of the court upon the former trial is made a part of the present record and shows an abandonment of the second count in the first trial. The court should have responded to the objections as to former jeopardy.

Under the facts as here presented there is no alternative than to reverse this judgment and dismiss the prosecution hereunder.

Reversed and ordered dismissed.