Robert S. OCHOA, Appellant,

v.

The STATE of Texas, Appellee.

No. 45959.

Court of Criminal Appeals of Texas.

April 11, 1973.

Billy J. Wilkinson, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Conaway, F. G. Rodriguez and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is the sale of heroin; the punishment, forty (40) years.

Appellant's first ground of error relates to former jeopardy. This is appellant's second trial. Appellant was first tried under an indictment charging him with possession of heroin in one count and sale in another. The State abandoned the sale count before appellant's plea to the indictment at the trial and proceeded on the possession charge. Appellant was found guilty by the jury. Subsequently he was granted a new trial. Thereafter, appellant was again brought to trial on a new indictment charging the same acts of possession and sale of heroin. The case was submitted to the jury on the sale count and the jury found the appellant guilty of that charge which is the basis of this appeal. Appellant contends that the abandonment of the sale count at his first trial barred further prosecution under that count.

We disagree.

■ Jeopardy does not attach until a defendant pleads to the indictment. See Rameriz v. State, 171 Tex.Cr.R. 507, 352 S.W.2d 131. At appellant's first trial the State abandoned the sale count before appellant's plea to the indictment at the trial. Thus, jeopardy did not attach to the sale count and it was available as a basis for prosecution at appellant's second trial. Cf. Deisher v. State, 89 Tex.Cr.R. 467, 233 S.W. 978; Black v. State, 143 Tex. Cr.R. 318, 158 S.W.2d 795.

Appellant's second ground of error is his claim that his two court appointed counsel were ineffective. On the day before trial, a motion was filed requesting that two named persons be permitted to assist appellant's two court appointed counsel in the trial. At the hearing on this motion it was established that appellant and his two court appointed counsel had conferred prior to the hearing concerning the trial but not concerning the additional counsel. Counsel Wilkinson testified that he had been practicing law since 1963 and that he had experience in the defense of capital cases and that he felt competent but needed technical assistance and that in his opinion his co-counsel McGowan was lacking in experience. Counsel McGowan testified that he had been practicing law since 1963 and stated that he was glad to have Mr. Wilkinson's assistance in representation of appellant and would like to have had four or five other lawyers as well.

■ The court overruled the motion to appoint additional counsel. We have ex-

amined the record and find that the counsel Wilkinson and McGowan actively participated in the trial, closely cross-examined the witnesses, and presented appellant's defense. There is an absence of any showing they were ineffective.

Finding no reversible error, the judgment is affirmed.