**Ex parte William R. SCELLES.**

**No. 43976.**

Court of Criminal Appeals of Texas.

July 10, 1974.

William R. Scelles, pro se.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

Petitioner filed this post-conviction habeas corpus application in the convicting court under the provisions of Article 11.07, Vernon's Ann.C.C.P.

The convicting court denied the pro se petition without a hearing, stating in its Order that the application did not "state facts which, if believed, would entitle him to relief."

The record before us reflects that on September 21, 1961, a two count indictment in Cause No. 93054 was returned against the petitioner. The first count thereof charged possession of a narcotic drug, morphine, on or about the 16th day of August, 1960, and the second count alleged that "on or about" the same date appellant unlawfully possessed narcotic paraphernalia. At trial in 1962 the State at the close

of the evidence, in response to a defense motion, elected to have submitted to the jury only the first count, possession of morphine. The jury convicted and punishment was assessed at life under the provisions of Article 63, Vernon's Ann.P.C. On appeal, said conviction was reversed. Scelles v. State, 172 Tex.Cr.R. 474, 358 S. W.2d 623 (1962).

Thereafter on April 15, 1965, before the same trial judge who had presided at the former trial, the applicant entered guilty pleas to six felonies.

One of the six pleas of guilty was to the second count of the indictment in Cause No. 93054 for possession of narcotic paraphernalia with the punishment being assessed at fifteen years.[1]

■ Appellant contends his conviction in 1965 upon the second count of the indictment, Cause No. 93054, for possession of narcotic paraphernalia constituted jeopardy on the ground that the same count had been abandoned at the prior trial in 1962.

In Parish v. State, 145 Tex.Cr.R. 117, 165 S.W.2d 748 (1942), the court held that where the second count only of the two count indictment was submitted to the jury, failure to submit the first count had the same effect as if such count had been quashed, and "jeopardy" attached on such count, since failure to submit was tantamount to a "dismissal" of such count. See also Black et al. v. State, 143 Tex.Cr.R. 318, 158 S.W.2d 795 (1942).

And in Deisher v. State, 89 Tex.Cr.R. 467, 233 S.W. 978 (1921), it was held that where the second count of the indictment was abandoned and the court submitted only the first count, the defendant cannot on a subsequent trial be prosecuted on the abandoned count. See also Johnson v. State, 97 Tex.Cr.R. 658, 263 S.W. 924, 927 (1924); Gilliam v. State, 131 Tex.Cr.R. 8, 96 S.W.2d 86 (1936); Mizell v. State, 83 Tex.Cr.R. 305, 203 S.W. 49 (1918).

■ These authorities support appellant's contention. The State, however, urges that the plea of former jeopardy was waived because it was not properly raised in compliance with Articles 27.05(2) and 27.06, Vernon's Ann.C.C.P., at the time of his second trial in said Cause No. 93054 in 1965. The record before us does not reflect whether there was a special plea of former jeopardy filed or not. Black et al. v. State, supra, would indicate that in a similar situation a formal plea of former jeopardy is not essential.[2]

Further, it has been held that where a trial is had a second time in the same court and on the same indictment no plea of former jeopardy or former conviction need be pleaded because the whole record is before the court and, as it appears in this case, was before the same judge on both trials. See De Leon v. State, 55 Tex.Cr.R. 39, 114 S.W. 828, 829 (1908); Robinson v. State, 21 Tex.App. 160, 17 S.W. 632 (1886); Vela v. State, 49 Tex.Cr.R. 588, 95 S.W. 529 (Tex.Cr.App. 1906); Samuels v. State, 25 Tex.App. 537, 8 S.W. 656 (1888). See also footnote #2 of Duckett v. State, 454 S.W.2d 755, 758 (Tex.Cr.App.1970).[3]

■■ Further, in light of the decision of the United States Supreme Court holding that the double jeopardy provisions of the Fifth Amendment, applicable to the States through the Fourteenth Amendment,

1. The other guilty pleas involved were three convictions for unlawfully obtaining a narcotic drug by use of a false name and address, with punishment assessed at seven years in each case, a felony theft conviction where punishment was assessed at ten years, and a burglary conviction where the punishment was assessed at twelve years. All sentences were made to run concurrently.

2. In Black et al. v. State, supra, there was only an objection.

3. In said footnote # 2 of *Duckett* at p. 758, it appears the word "not" was somehow excluded. The sentence should read, "Under such circumstances, it would appear that a special plea would *not* be required."

are "a fundamental ideal in our constitutional heritage," Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), and in view of the facts and circumstances of the particular record before us, the constitutional right cannot be denied for failure to comply with a State statute (i.e., Article 27.05(2), supra), nor is the concurrent sentence doctrine a jurisdictional bar thereto. See Benton v. Maryland, supra. Nor do we conclude that his guilty plea precludes him from raising the contention advanced. See and compare Blackledge v. Perry, — U.S. —, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

It is therefore ordered that the conviction in said Cause No. 93054 be set aside and the petitioner be ordered released from confinement as a result thereof.

A copy of this opinion shall be forwarded to the Texas Department of Corrections.

It is so ordered.