Jerry MOORE, a/k/a Jerry Wayne Gardner, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–81–0085–CR.

Court of Appeals of Texas, Amarillo.

March 31, 1982.

C. R. Daffern, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., John E. Terry, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C. J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

Appellant Jerry Moore, also known as Jerry Wayne Gardner, was convicted by a jury of burglary of a habitation, the offense alleged in the first count of the indictment. After the jury found that the two enhancement allegations also contained in the indictment were true, the trial court sentenced appellant to confinement in the Texas Department of Corrections for life as required by Tex.Penal Code Ann. § 12.42(d) (Vernon 1974).

In one ground of error, appellant contends the trial court erred in overruling his special plea of jeopardy. Disagreeing and overruling the ground on the rationale expressed below, we affirm.

The indictment was returned with two counts. Omitting both the constitutional formalities and the enhancement allegations, the indictment charged, first, that appellant "knowingly and intentionally with intent to commit theft, enter[ed] a habitation which was not open to the public, without the effective consent of Edwin Gidden, the owner;" and, second, that he "knowingly and intentionally threaten[ed] and place[d] Edwin Gidden in fear of imminent bodily injury and death, and did then and there knowingly and intentionally use and exhibit a deadly weapon, to-wit: a tire iron."

When the cause was called for trial on the indictment, both the State and appellant informed the jury panel that appellant was charged with two offenses—burglary of a habitation and aggravated robbery. A jury was impaneled and sworn, both sides announced ready for trial, and the prosecutor read the indictment. Appellant pleaded not guilty to the first count and, perceiving the second count to charge the Class C misdemeanor of assault, he pleaded guilty to it.

Still viewing the second count as a charge of aggravated robbery, the prosecutor speculated on dismissing the first count and proceeding to the punishment phase of the trial on the second count. However, after reconsideration of count two, he informed the court that he was of the opinion it was not a charge of aggravated robbery. The court opined that count two was totally defective, conceding only that it may, as appellant insisted that it did, allege a Class C assault.

Overruling appellant's oral motion to instruct the jury to find him guilty of simple assault under count two, the court, acting on the State's written motion, dismissed the second count with prejudice, the prosecutor having stated that the count was fundamentally defective. Appellant then orally moved for, but was denied, a continuance on the ground he was not prepared to go to trial on the first count.

Being denied a continuance, appellant orally moved for a mistrial as to the first count. The basis expressed was that the jury had been prejudiced, appellant having pleaded guilty to count two in front of the jury who had been told by the prosecutor that it was aggravated robbery with a deadly weapon. The motion and a mistrial were granted.

A month later when the cause was called for trial on the remaining first count alleging burglary of a habitation, appellant interposed a special plea of double jeopardy.[1] The plea was overruled. The trial was before a jury which was unable to reach a verdict. Once more, appellant moved for a mistrial and it was granted.

Approximately a month thereafter, the cause again came on for trial on the count one charge of burglary of a habitation. Still insisting on his plea of jeopardy, appellant was convicted in a jury trial leading to the appeal before us.

Appellant's contention of jeopardy is multipremised. First, he submits that the indictment's second count charges either a simple assault or an aggravated assault over which the court had jurisdiction and, because both counts of the indictment were carved from the same transaction, the dismissal of count two after he was placed in jeopardy on both counts operates as a bar to his prosecution under count one. Second, he states that, notwithstanding his motion for mistrial, jeopardy barred the present prosecution because the conduct of the prosecutor and the court forced him to move for a mistrial. The State now perceives count two as charging an assault, but disputes that the indictment charges the same criminal act twice within the meaning of jeopardy, and asserts that jeopardy is no bar to prosecution on the first count because the mistrial granted appellant removed that barrier.

At the outset, in order to properly address appellant's contention of jeopardy, it is necessary to ascertain the efficacy of the two counts in the indictment.[2] No one questions that the first count charges burglary of a habitation, a felony of the first degree, under Tex.Penal Code Ann. § 30.02 (Vernon 1974), the primary offense for which appellant was convicted. To this extent, the indictment is a sufficient charging instrument. Tex.Code Crim.Pro.Ann. art. 21.24(c) (Vernon Supp.1982).

■ Were we to agree with the common appellate position of the parties that the second count charges a misdemeanor assault, an address different from the one we make would be dictated.[3] However, in

1. The plea has its genesis in both the United States Constitution and the Texas Constitution.
    The Fifth Amendment to the United States Constitution provides, *inter alia*, ". . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb ; . . ." This double jeopardy clause is made applicable to the states through the Fourteenth Amendment to the United States Constitution. *Benton v. Maryland*, 395 U.S. 784, 787, 89 S.Ct. 2056, 2058, 23 L.Ed.2d 707 (1969).
    The Texas Constitution, art. I, § 14, states the double jeopardy concept thusly: "No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction."

2. Appellant concedes that he did not try to quash the indictment; therefore, he has waived any objection that it misjoins separate and distinct offenses in violation of Tex.Code Crim. Pro.Ann. art. 21.24 (Vernon Supp.1982). *Accord, Hill v. State*, 169 Tex.Cr.R. 104, 332

S.W.2d 579, 581 (1960). The statute only sanctions the joinder of "two or more offenses . . . in a single indictment . . . with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code." By the Tex.Penal Code Ann. § 3.01 (Vernon 1974) definition, " 'criminal episode' means the repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property)."

3. If the second count had alleged a misdemeanor assault, which legally may not be joined in an indictment with a felony, the district court neither would have jurisdiction over it nor could acquire jurisdiction over it by its joinder with the felony, but the court's jurisdiction to entertain the felony would subsist unimpaired. *Robles v. State*, 38 Tex.Cr.R. 81, 41 S.W. 620 (1897). In that situation, the court should have dismissed the misdemeanor count. *Accord, Thompson v. State*, 527 S.W.2d 888, 889 n.1 (Tex.Cr.App.1975). But in any event, jeopardy cannot be based on an accusatory pleading

our view, the second count sufficiently charges the third degree felony offense of aggravated assault.

■ Count two begins with the allegation that appellant did "knowingly and intentionally threaten and place Edwin Gidden in fear of imminent bodily injury and death." To this point, the phraseology sufficiently echoes the language used in Tex. Penal Code Ann. § 22.01(a)(2) (Vernon 1974; Vernon Supp.1982), to define the commission of an assault. But the count goes further and concludes with the additional allegation that at the time appellant did "use and exhibit a deadly weapon, to-wit: a tire iron." The allegation of the use of a deadly weapon, perforce the language of Tex.Penal Code Ann. § 22.02(a)(3) (Vernon 1974), or of § 22.02(a)(4) (Vernon Supp. 1982), upgrades the assault alleged to the offense of aggravated assault, a felony of the third degree. Tex.Penal Code Ann. § 22.02(c) (Vernon 1974).

■ Thus, count two substantially and sufficiently tracks the language of the two statutes to charge an aggravated assault. It is, of course, unnecessary to use the exact language of the statute defining the offense charged if the accusatory pleading conveys the same meaning or sense of the statutory words. *Chance v. State*, 563 S.W.2d 812, 815 (Tex.Cr.App.1978). That count two conveys the meaning of the statutory words is further evinced by appellant's demonstration in his brief that count two is alleged with sufficient certainty to support a charge of aggravated assault. Therefore, count two meets the test that "the indictment should set out the particular offense charged with such certainty as that a presumptively innocent man seeking to know what he must meet may ascertain fully therefrom the matters charged against him." *Ferguson v. State*, 579 S.W.2d 2, 6 (Tex.Cr.App.1979).

In summary, then, the indictment charges the two felony offenses of (1) burglary of a habitation and (2) aggravated assault.

over which the court had no jurisdiction. *McAfee v. State*, 363 S.W.2d 941 (Tex.Cr.App.

When the indictment was read to the jury impaneled and sworn for trial on the indictment, appellant pleaded (1) not guilty and (2) guilty respectively to the offenses charged. There followed the court's dismissal of the second count on the State's motion, and the denial of a continuance and the granting of a mistrial on appellant's motions.

■ It is settled that jeopardy, in the sense of the constitutional guarantee against double jeopardy, attaches when the jury is impaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978); *McElwee v. State*, 589 S.W.2d 455, 457 (Tex.Cr.App.1979). Accordingly, when the indictment's second count was dismissed after jeopardy attached when the jury was impaneled and sworn, the dismissal was tantamount to an acquittal of the charge of aggravated assault, *Black v. State*, 143 Tex.Cr.R. 318, 158 S.W.2d 795, 796 (1942); and, thereafter, appellant cannot be prosecuted for that act. *Ex parte Scelles*, 511 S.W.2d 300, 301 (Tex.Cr.App. 1974).

■ Moreover, the constitutional guarantee against double jeopardy prohibits a second trial for an offense carved from the same transaction constituting an offense for which a person has been convicted, *Duckett v. State*, 454 S.W.2d 755, 756–58 (Tex.Cr.App.1970), or acquitted. *Sanabria v. United States*, 437 U.S. 54, 69, 98 S.Ct. 2170, 2181, 57 L.Ed.2d 43 (1978). Therefore, where there is one continuous criminal transaction involving separate and distinct offenses requiring the same evidence for conviction, the State may carve only one of the offenses to prosecute, and the State cannot, upon the same evidence, again convict the defendant for the same act. *Duckett v. State, supra*, at 756–58.

■ However, the constitutional prohibition against double jeopardy does not limit the power of the lawgivers to define of-

1963).

fenses. *Sanabria v. United States, supra,* 437 U.S. at 69, 98 S.Ct. at 2181. Defined offenses are not the "same act" under the double jeopardy clause if each requires proof of an additional fact that the other does not, *Ex parte Joseph,* 558 S.W.2d 891, 893 (Tex.Cr.App.1977); and, under the carving doctrine as applied in this State, separate and distinct offenses complete within themselves, although committed one after the other, do not constitute the same transaction, but separate transactions not violative of the carving doctrine. *Uribe v. State,* 573 S.W.2d 819, 820–21 (Tex.Cr.App. 1978); *Hawkins v. State,* 535 S.W.2d 359, 360-62 (Tex.Cr.App.1976); *Robinson v. State,* 530 S.W.2d 592, 593 (Tex.Cr.App. 1975).

■ As material to this cause, the legislature statutorily defined burglary as an offense against property and assault as an offense against the person. The elements constituting burglary are different from those constituting assault; each offense requires proof of facts different from those required by the other. Here, the burglary of a habitation was committed and completed when appellant, who does not challenge the sufficiency of the evidence, with the intent to commit a felony or theft, entered the house of owner Edwin Gidden without his effective consent. Tex.Penal Code Ann. § 30.02 (Vernon 1974). Afterwards, there occurred appellant's commission and completion of the acts giving rise to the aggravated assault alleged and dismissed. Each offense was complete within itself and separate from the other, and each required evidence of different facts for conviction. Consequently, the burglary of the habitation was neither the same act as the aggravated assault nor the same transaction to which the doctrine of carving applies.

■ Nevertheless, once jeopardy attaches, it may bar a second trial even though the first trial is discontinued without a verdict, for the defendant possesses a valued right to have his trial completed by the jury impaneled and sworn. *Crist v.*

*Bretz, supra,* 437 U.S. at 34–36, 98 S.Ct. at 2160–2161. But the valued right is not without exception. The right is subject to the defendant's successful motion for mistrial, which is deemed a deliberate election to forego a double jeopardy claim, even if necessitated by a prosecutorial or judicial error.[4] *United States v. Scott,* 437 U.S. 82, 93, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978). Hence, appellant's successful request for the mistrial granted removed the barrier of jeopardy, *Rios v. State,* 557 S.W.2d 87, 90–91 (Tex.Cr.App.1977), unless, as appellant contends, jeopardy still protects him because his motion was forced by governmental conduct. *See United States v. Kessler,* 530 F.2d 1246, 1255–58 (5th Cir. 1976).

Appellant's references to the prosecutor's and the court's conduct recited above do not evidence either the prosecutorial or the court misconduct or overreaching required for the invocation of jeopardy. At most, the record shows erroneous opinions of the offense alleged in the second count of the indictment, errors which do not vitiate the effect of appellant's successful motion for mistrial. *United States v. Scott, supra,* 437 U.S. at 93, 98 S.Ct. at 2194.

■ In this connection, appellant may not assign any more than prosecutorial error to the conduct of the prosecutor in informing the jury that appellant was charged with aggravated robbery. Interestingly, appellant made the same error by also informing the panel from which the jury was chosen that he was charged with aggravated robbery. Neither may appellant fault the trial court with forcing his mistrial motion by denying his oral motion for continuance. Because a motion for continuance ordinarily must be in writing, it was not error for the court to refuse to grant the oral motion for continuance, *Carpenter v. State,* 473 S.W.2d 210, 213 (Tex. Cr.App.1971), particularly when appellant had announced ready for trial without reservation.

---

4. The right is also subject to a mistrial granted sua sponte by the court because of manifest necessity. *Torres v. State,* 614 S.W.2d 436, 441 (Tex.Cr.App.1981).

In brief, the jeopardy claimed by appellant did not attach to protect him from the present prosecution. His ground of error is overruled.

The judgment is affirmed.