**Aaron Dwayne PROCTOR, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–88–149–CR.**

Court of Appeals of Texas,
Eastland.

Dec. 20, 1990.

Rehearing Overruled Feb. 21, 1991.

Discretionary Review Granted
May 15, 1991.

Michael B. Charlton, Catherine Greene Burnett, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

## OPINION

McCLOUD, Chief Justice.

The jury found appellant guilty of aggravated robbery and assessed his punishment at confinement for life. We reverse the conviction and dismiss the prosecution.

Appellant was convicted in a prior trial in 1982, but the conviction was reversed and remanded by the 14th District Court of Appeals on December 19, 1985, for further proceedings.

Wing K. Lew and his wife, Yit Oi Lew, owned and operated a convenience store in Houston. On January 19, 1982, five youths (Calvin Proctor; Patrick Robinson; Leon Boyd, Jr.; Jonathan L. Lemell; and appellant) entered the Lews' store. Appellant shot and killed Mr. Lew. Lemell and another member of the group forced Mrs. Lew and the cashier into the store cooler and threatened the women at gunpoint. Robinson gathered the money and food stamps from the cash register. Appellant and Lemell were jointly tried.

In his fifth and sixth points of error, appellant contends that his conviction is barred by the double jeopardy clause of the fifth amendment to the U.S. Constitution and TEX. CONST. art. I, § 14. We agree.

In 1982, appellant was charged in a multi-count indictment which alleged in five paragraphs: (1) capital murder of Wing K. Lew; (2) murder of Wing K. Lew by intentionally causing his death; (3) murder of Wing K. Lew by intending to cause serious bodily injury; (4) aggravated robbery by threatening or placing Yit Oi Lew in fear of imminent bodily injury or death by using or exhibiting a deadly weapon; and (5) aggravated robbery by causing serious bodily

injury to Wing K. Lew by shooting him with a firearm.

After the jury was impaneled and sworn in the 1982 trial, the State read to the jury only the paragraph in the indictment charging appellant with aggravated robbery by threatening or placing Yit Oi Lew in fear of imminent bodily injury or death by using or exhibiting a deadly weapon. This was the only offense submitted to the jury in the court's charge. Appellant was convicted of that offense, but the conviction was reversed by the 14th Court of Appeals for trial error.

On January 8, 1988, appellant was reindicted in a three-count indictment including a count charging appellant with aggravated robbery by causing serious bodily injury to Wing K. Lew by shooting him with a firearm. This is the charge supporting the conviction being challenged in this appeal.

Appellant urges that the State was precluded from further prosecution of the charge of aggravated robbery by causing serious bodily injury to Wing K. Lew by shooting him with a firearm. Citing *Moore v. State*, 631 S.W.2d 245 (Tex.App.—Amarillo 1982, no pet'n), appellant argues that, when the State in the 1982 trial proceeded to the jury on only the count charging aggravated robbery by threatening or placing Yit Oi Lew in fear of imminent bodily injury or death, he was acquitted of the aggravated robbery count charging him with causing serious bodily injury to Wing K. Lew. We agree.

The court in *Moore* stated:

It is settled that jeopardy, in the sense of the constitutional guarantee against double jeopardy, attaches when the jury is impaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978); *McElwee v. State*, 589 S.W.2d 455, 457 (Tex.Cr.App.1979). Accordingly, when the indictment's second count was dismissed after jeopardy attached when the jury was impaneled and sworn, the dismissal was tantamount to an acquittal of the charge of aggravated assault, *Black v. State*, 143 Tex.Cr.R. 318, 158 S.W.2d 795, 796 (1942); and, thereafter, appellant cannot be prose-

cuted for that act. *Ex parte Scelles*, 511 S.W.2d 300, 301 (Tex.Cr.App.1974).

In a post-trial hearing, the prosecutor contended that he never dismissed the offenses that were not submitted to the jury in the 1982 trial but that he merely abandoned them by not presenting any evidence. The prosecutor distinguished abandonment from dismissal as follows:

Abandoning was there simply was going to be no evidence presented to the fact finders on those issues. There was no movement, no motion to dismiss, no nolle filed, no request that they be dismissed.

The Court in *Black v. State*, 158 S.W.2d 795 (Tex.Cr.App.1942), stated:

In 12 Tex.Jur., Sec. 245, p. 564, we find the following: "Where a defendant has been tried on several counts and convicted under one he is thereby acquitted of the others, and may not later be tried upon the ones for which he was so acquitted. Thus where there are several counts in an indictment and only one is submitted to the jury, this amounts to an acquittal upon the abandoned counts, and the defendant may not upon a subsequent trial be prosecuted on the abandoned counts." Also see *Gilliam v. State*, 131 Tex.Cr.R. 8, 96 S.W.2d 86, for discussion and authorities.

It is stated in 21 TEX.JUR.3d *Rights of Accused* § 1638 (1982):

If a count of an indictment is abandoned during trial, this amounts to an acquittal and a defendant cannot on a subsequent trial be prosecuted on the abandoned count.

In *Ex parte Scelles*, 511 S.W.2d 300 (Tex. Cr.App.1974), the Court said:

And in *Deisher v. State*, 89 Tex.Cr.R. 467, 233 S.W. 978 (1921), it was held that where the second count of the indictment was abandoned and the court submitted only the first count, the defendant cannot on a subsequent trial be prosecuted on the abandoned count. See also *Johnson v. State*, 97 Tex.Cr.R. 658, 263 S.W. 924, 927 (1924); *Gilliam v. State*, 131 Tex.Cr.R. 8, 96 S.W.2d 86 (1936); *Mizell*

*v. State,* 83 Tex.Cr.R. 305, 203 S.W. 49 (1918).

See also *Ex parte McAfee,* 761 S.W.2d 771 (Tex.Cr.App.1988) (dissenting opinion by Onion, Presiding Judge); *Garza v. State,* 658 S.W.2d 152 (Tex.Cr.App.1982).

Jeopardy attached in the 1982 trial when the jury was impaneled and sworn. *McElwee v. State,* 589 S.W.2d 455 (Tex.Cr.App. 1979). Prior to that time, the State had not elected, as in *Patterson v. State,* 581 S.W.2d 696 (Tex.Cr.App.1979), to proceed only upon the count in the indictment alleging aggravated robbery by threatening or placing Yit Oi Lew in fear of imminent bodily injury or death. Indeed, the prosecutor at the post-trial hearing stated that he never intended to dismiss any of the counts in the 1982 indictment.

We point out that Ex parte McAfee, supra, is not controlling. In *McAfee,* the jurors were unable to reach a verdict, and the trial court declared a mistrial and discharged the jury. There, the Court stated that there could be no double jeopardy if the initial jeopardy was never terminated.[1] The Court said: "Jeopardy is not terminated, however, when there is not a verdict returned upon which a judgment may be rendered." In distinguishing between a mistrial and a verdict, the Court stated:

> But as all the cases discussed and cited by the *Garza* majority reveal, "this general rule" is found and applied *only* in cases where the jury in the first trial *did* return a verdict on the count that was submitted, and upon that verdict the trial court entered a judgment of conviction. Although not necessarily articulated the reason for that rule is that when the State obtains a conviction for one offense out of two or more alleged in a single indictment, jeopardy has been terminated. (Emphasis in original)

Appellant in the instant case was convicted of aggravated robbery by causing serious bodily injury to Wing K. Lew by shooting him with a firearm. This count was abandoned *after* jeopardy attached in the

1982 trial. The abandonment was tantamount to an acquittal of that offense. Appellant cannot, in a subsequent trial, be prosecuted on the abandoned count. Ex parte Scelles, supra.

The judgment of conviction is reversed, and the prosecution is dismissed.

## ON THE STATE'S MOTION FOR REHEARING

The State cites the recent case of *Ex parte Carl Thomas Preston,* 801 S.W.2d 604 (1990) (pet. granted), which involves facts similar to the instant case. In *Preston,* the defendant was charged in a three-count indictment with aggravated robbery of three different people. Prior to the jury being impaneled and sworn, the trial court read only Count II of the indictment. After the jury was impaneled and sworn and out of the presence of the jury, the State presented only Count II of the indictment to which the defendant pled not guilty. The jury was charged on only Count II of the indictment, and the jury found the defendant guilty of aggravated robbery as charged in Count II. The State presented no evidence on Counts I and III at trial. The defendant was subsequently indicted for the same offenses as charged in Counts I and III of the indictment in the first prosecution. The defendant filed an application for writ of habeas corpus claiming that double jeopardy barred the second prosecution. The court rejected the defendant's double jeopardy claim.

The court in *Preston* held that the State never proceeded on Counts I and III during the proceedings in the first prosecution. Count II was the only count that was presented to the jury during the voir dire examination, and the only count the State proceeded on in any way. The court said:

> It is *as if the State abandoned or dismissed* counts I and III early in the proceedings in the first prosecution, before the jury was voir dired, impaneled, and sworn, and proceeded only on count II. (Emphasis added)

---

1. The Court pointed out that initial jeopardy could terminate if the trial court discharged the jury without "manifest necessity."

The *Preston* court appears to hold that the facts established that Counts I and III were impliedly dismissed before jeopardy attached.

We cannot hold in the instant case that the charge of aggravated robbery of Wing K. Lew was impliedly dismissed before jeopardy attached in the 1982 trial. The prosecutor testified in the post-trial hearing that he never intended to dismiss any of the counts or paragraphs in the 1982 indictment. He testified that, under his concept of "abandonment," all of the counts or paragraphs remained "active" throughout the 1982 trial and any post-trial proceedings. These facts were not present in *Preston*.

The State's motion for rehearing is overruled.