IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



OPINION ON STATE'S MOTIONS FOR REHEARING


 





NO. 3-93-598-CR





JAMES CALVIN LEWIS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT



NO. CR91-216, HONORABLE MACE B. THURMAN, JR., JUDGE PRESIDING



 





PER CURIAM

 In motions for rehearing filed on behalf of the State by the state prosecuting
attorney (SPA) and the district attorney, it is contended that retrial of the offenses originally
alleged in cause numbers CR91-213, 214, 215, 217, 218, 220, 221, and 271 did not violate the
guarantee against double jeopardy because these causes were not waived or abandoned on the
State's motion during appellant's first trial. We addressed this contention in our original opinion,
where we noted that the same argument had been unsuccessfully advanced by the State in its
motion for rehearing in Ex parte Preston. The holding in Preston, restated in Proctor, is that if
jeopardy attaches to an offense, the State must proceed to trial on that offense or lose the
opportunity forever. Proctor v. State, 841 S.W.2d 1, 3-4 (Tex. Crim. App. 1992); Ex parte
Preston, 833 S.W.2d 515, 522 (Tex. Crim. App. 1992) (opinion on motion for rehearing). The
critical fact in this cause is that, at the conclusion of appellant's first trial, judgment was rendered
on only one of the consolidated indictments. It is irrelevant that the failure to proceed to judgment
on the other indictments was not the result of an express abandonment by the State.

 The SPA also argues that retrial of the offenses alleged in cause numbers CR91-213, 214, 215, 217, 218, 220, 221, and 271 was not barred by jeopardy because the district
court's failure to render judgment in these causes at the first trial was not the result of a
determination that the evidence was legally insufficient to sustain a conviction. It has long been
held, however, that the abandonment of an accusation during trial amounts to an acquittal that bars
later trial for that offense. Black v. State, 158 S.W.2d 795 (Tex. Crim. App. 1942); Betts v.
State, 133 S.W. 251, 255 (Tex. Crim. App. 1911). The SPA cites no authority supporting his
argument that the abandonment of an accusation during trial bars retrial only if there is a
determination by the trier of fact that the evidence is legally insufficient to support a conviction
for the abandoned offense. The United States Supreme Court opinion on which the SPA relies
is not on point. United States v. Scott, 437 U.S. 82 (1978). (1)

 The SPA's third argument is that retrial of the offenses alleged in cause numbers
CR91-213, 214, 215, 217, 218, 220, 221, and 271 was not barred because jeopardy did not
terminate as to cause number CR91-216, the offense for which appellant was convicted at the first
trial. (2) This argument is based on the opinion in Ex parte McAfee, 761 S.W.2d 771 (Tex. Crim.
App. 1988). The indictment in McAfee contained two counts accusing the defendant of theft and
unauthorized use of a vehicle. At the defendant's first trial, the State abandoned the theft count
after jeopardy attached and the case was submitted to the jury on the unauthorized use count
alone. The jury could not reach a verdict and a mistrial was declared. The second trial was a
repeat of the first: the theft count was abandoned, and a mistrial was declared after the jury could
not reach a verdict on the unauthorized use count. At the defendant's third trial, the unauthorized
use of a vehicle count was dismissed and the defendant pleaded guilty to the theft count. Later,
in a post-conviction habeas corpus proceeding, the defendant urged that the abandonment of the
theft count after jeopardy attached at the first trial was tantamount to an acquittal and that his
subsequent trial and conviction for that offense constituted double jeopardy.

 The Court of Criminal Appeals rejected this argument, reasoning that the jeopardy
that attached at the first trial never terminated because both the first and second trials resulted in
hung juries.



 Both the Fifth Amendment and Article I, § 14, Bill of Rights, bar the
Government and the State, respectively, from subjecting any person for the same
offense to be twice put in jeopardy of life or limb. Thus, an accused must suffer
jeopardy before he can suffer double jeopardy. The Double Jeopardy Clauses do
not mean that every time a defendant is put to trial before a competent tribunal he
is entitled to go free if the trial fails to end in a final judgment. Absent a final
judgment, he remains under the initial jeopardy. Therefore, a retrial for the same
offense is not double jeopardy.


 . . . 


 Jeopardy is not terminated . . . when there is not a verdict returned upon
which a judgment may be rendered. The theory that it has been terminated is
contrary to a concept of continuing jeopardy that has application where criminal
proceedings against an accused have not run their full course.



Ex parte McAfee, 761 S.W.2d at 772-73 (quotation marks and citations omitted). As we noted
in our original opinion, jeopardy did not terminate as to the offense alleged in cause number
CR91-216 because appellant successfully appealed his original conviction for that offense. The
SPA contends that under McAfee's reasoning, jeopardy did not terminate as to the offenses alleged
in the other indictments because jeopardy did not terminate as to cause number CR91-216.

 The case law dealing with the application of the guarantee against double jeopardy
following a mistrial because of a hung jury has its own sources and logic. Richardson v. United
States, 468 U.S. 317, 323 (1984). The opinion in McAfee makes it clear that the result in that
case turned on the fact that the defendant's first and second trials ended with hung juries. The
court acknowledged in McAfee that as a general rule, jeopardy is terminated as to any count that
is abandoned after jeopardy attaches. The general rule did not apply in that case, however,
because

 


this general rule is found and applied only in cases where the jury in the first trial
did return a verdict on the count that was submitted, and upon that verdict the trial
court entered a judgment of conviction. Although not necessarily articulated the
reason for that rule is that when the State obtains a conviction for one offense out
of two or more alleged in a single indictment, jeopardy has been terminated.



Ex parte McAfee, 761 S.W.2d at 773 (quotation marks omitted). As we stated in our original
opinion, we believe the double jeopardy rules applicable to multicount indictments also apply
when separate indictments are consolidated for trial. (3) 

 Appellant's first trial was to the district court and, therefore, no jury verdict was
returned. But that trial did end with a judgment of conviction only in cause number CR91-216. 
Thus, under the general rule applied in cases such as Preston and recognized in McAfee, jeopardy
terminated as to the other indictments and retrial of those offenses was barred.

 The district attorney brings forward the additional argument that because the State
did not move to dismiss or abandon cause numbers CR91-213, 214, 215, 217, 218, 220, 221, and
271 during the first trial, the only explanation for the district court's failure to render judgment
in these causes must be that the court unlawfully dismissed the prosecutions. See State v. Gray,
801 S.W.2d 10 (Tex. App.--Austin 1990, no pet.) (absent specific authority, trial court cannot
dismiss prosecution except on motion of prosecuting attorney). But just as there is nothing in the
record to suggest that the State deliberately sought to dismiss or abandon these causes, there is
nothing to support the conclusion that the district court dismissed them on its own motion. 

 At appellant's first trial, he was placed in jeopardy on eleven consolidated
indictments. During trial, the State expressly abandoned two of these causes (numbers 91-219 and
222). At the conclusion of trial, judgment was rendered in only one of the remaining causes
(number CR91-216). The other eight causes (numbers CR91-213, 214, 215, 217, 218, 220, 221,
and 271) were simply disregarded, perhaps to avoid the inconvenience of preparing nine
judgments. The court's failure to render judgment was not the result of any motion or request by
appellant and did not provoke any objection by the State. (4) In our original opinion, we described
the disposition (or non-disposition) of cause numbers CR91-213, 214, 215, 217, 218, 220, 221,
and 271 as an implicit abandonment by the State. This is an approximate description that is not
crucial to our decision. The dispositive fact is that the district court failed to render judgment in
these causes. This failure, however characterized, carried double jeopardy consequences that the
State cannot now avoid.

 We have considered the other arguments advanced by the SPA and district attorney
in their motions for rehearing and find them, like those discussed in this opinion, to be
unpersuasive. The motions for rehearing are overruled.


Before Justices Powers, Aboussie and Jones

State's Motions for Rehearing Overruled

Filed: December 7, 1994

Publish

1.   Briefly stated, the holding in Scott is that there is no double jeopardy bar to the retrial of
a count that is dismissed on the defendant's motion after jeopardy attaches and without a
determination of guilt or innocence as to that count. It is clear from the opinion that this holding
applies only when the dismissal is granted on the defendant's motion. Scott, 437 U.S. at 96-101. 
In the cause before us, the district court's failure to proceed to judgment on the remaining
indictments was not in response to any motion or request by appellant.
2.   Although the SPA does not complain of our holding that retrial of the offenses alleged
in cause numbers CR91-219 and 222 was barred by jeopardy, this argument, if correct,
would also apply to these offenses. 
3.   Neither motion for rehearing challenges this conclusion.
4.   In his response to the motions for rehearing, appellant suggests that the State could
have complained of the district court's failure to render judgment in each cause by means
of a cross-point in appellant's original appeal. Tex. Code Crim. Proc. Ann. art. 44.01(c)
(West Supp. 1994). We express no opinion on this question.