Octavia COLE, Appellant,

v.

G.O. ASSOCIATES, LTD., d/b/a Northwood Place Apartments, and Balcor Property Management, Inc., Appellees.

No. 2-92-154-CV.

Court of Appeals of Texas, Fort Worth.

Feb. 10, 1993.

Rehearing Overruled March 16, 1993.

2. Texas has never recognized this doctrine. Texas does provide for compensation when access to the land is substantially impaired by

government activities. Grapevine v. Grapevine Pool Rd. J. Venture, 804 S.W.2d 675 (Tex.App.– Fort Worth 1991, no writ).

Wayne C. Watson, Fort Worth, for appellant.

The Fillmore Law Firm, P.C. and Veronica Carmona Czuchna, Fort Worth, for appellees.

Before FARRIS and DAY, JJ., and CLYDE R. ASHWORTH, J. (Retired), Sitting by Assignment.

## OPINION

FARRIS, Justice.

Appellant, Octavia Cole, appeals a summary judgment for the appellees, G.O. Associates, Ltd., d/b/a Northwood Place Apartments, and Balcor *Property* Management, Inc., collectively (BPM), in a suit she filed on February 7, 1992 to recover damages for injuries she sustained from a sexual assault which occurred in her apartment on March 17, 1988. Because this suit is barred by the doctrine of collateral estoppel, we affirm the trial court's judgment.

Cole filed the present suit after the trial court in a prior suit, which will be referred to as Cole I, granted Balcor *Management* Services, Inc.'s (BMS) motion for summary

judgment because BMS was not a correct defendant, and entered a take-nothing judgment for Cole in her suit against Maria Malwick, the manager of the apartments at the time of the assault, because the jury found Malwick was not negligent.[1]

In the current case, the trial court granted BPM's motion for summary judgment on the grounds that the action was barred by the affirmative defenses of collateral estoppel and limitations.

Cole's appeal raises the issue of whether BPM met its burden of establishing there existed no genuine issue of material fact, and that it was entitled to judgment as a matter of law. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); Tex.R.Civ.P. 166a. Since BPM was granted summary judgment on the affirmative defense of collateral estoppel, BPM must have conclusively proved all essential elements of that defense. *See Berryman v. El Paso Natural Gas Co.*, 838 S.W.2d 610, 613 (Tex.App.—Corpus Christi 1992, writ requested).

■ The essential elements of collateral estoppel are: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex.1990); *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984).

■ To determine whether BPM proved the essential element of full and fair litigation of the facts germane to the

present action in the prior action, we must first decide whether the facts of Cole I were *litigated*. To make this determination we consider the following factors: whether the parties were fully heard; whether the court supported its decision with reasoned opinion; and whether the decision was subject to appeal or was in fact reviewed on appeal. *Mower v. Boyer*, 811 S.W.2d 560, 562 (Tex.1991). We find the facts in Cole I were fully and fairly litigated because: the parties had a jury trial; the jury found Cole was 100% at fault; and the court entered a final judgment.

We must also determine whether the facts decided in Cole I are the same facts to be decided in the current case. Since the petitions in both actions are substantively the same, the fact issues in both are substantially the same. Because the same fact issues exist in both cases, and because they were fully and fairly litigated in Cole I, we hold BPM proved the first collateral estoppel element.

■ We must examine the ultimate issues in Cole I to decide whether BPM satisfied the second essential element of collateral estoppel that the fact issues litigated in Cole I were essential to the judgment. An ultimate issue does not refer to a claim or cause of action but to factual determinations submitted to the jury that are necessary to form a basis of judgment. *Dent v. Federal Sign & Signal Corp.*, 773 S.W.2d 599, 601 (Tex.App.—Dallas 1989, writ denied).

The factual determinations submitted to the jury and the answers returned by the jury in Cole I were:

---

1. Cole filed the Cole I action on March 16, 1990 against Balcor *Management* Services, Inc. and Maria Malwick to recover damages for the injuries she seeks recovery for in the current suit.

Balcor *Management* Services, Inc., Balcor *Property* Management, Inc., and G.O. Associates, Ltd., are subsidiaries of the Balcor Com-

pany and perform, or do not perform, the following functions: Balcor *Management* Services, Inc. does not own or manage the Northwood Place Apartments; Balcor *Property* Management, Inc. manages the apartments; and G.O. Associates, Ltd. owns the apartments.

QUESTION NO. 1

Do you find that Octavia Cole was sexually assaulted at the Northwood Place Apartments on or about March 17, 1988?

ANSWER: Yes

QUESTION NO. 2

Did the negligence, if any, of those named below proximately cause the occurrence in question?

Answer "Yes" or "No" for each of the following:

a. Octavia Cole          Yes
b. Maria Malwick         No
. . . .

QUESTION NO. 4

What percentage of the negligence that caused the occurrence in question do you find to be attributable to each of those found by you in your answer to Question No. 2, to have been negligent?

The percentages you find must total 100%. The negligence attributable to those named below is not necessarily measured by the number of acts or omissions found. Answer in percent.

a. Octavia Cole          100%
b. Maria Malwick          0%
          TOTAL           100%

QUESTION NO. 5

Do you find that Maria Malwick (a) represented to Octavia Cole that the apartments had characteristics or benefits which they did not have or (b) represented to her that the apartments were of a particular standard or quality when in fact they were of another?

Answer "Yes" or "No" for each of the following:

a) Characteristics or benefits          No
b) Particular standard or quality        No

---

These jury questions and answers were necessary to establish Malwick's liability under the theories advanced by Cole in Cole I, and they were essential to the take-nothing judgment the court entered. The jury questions that would be submitted in the present case would be the same as those that were submitted in Cole I because: Cole testified that Malwick was the *one* Northwood Place Apartments representative with whom she dealt; Cole sued Malwick, individually and as Leasing Agent for BMS; and Cole asserted the same theories for recovery. Because the fact issues litigated in Cole I were essential to the judgment, BPM satisfied the second collateral estoppel element.

■ The third collateral estoppel element does not require mutuality of parties, only privity between the current and prior parties. *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex.1971). Because Cole concedes privity exists between the parties, the third element is established. Cole's point is overruled.

Because the current action is barred by the doctrine of collateral estoppel, we will not address the propriety of granting summary judgment on the limitations ground.

Judgment is affirmed.