Jamie Cortez CLEWIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–05–00258–CR.

Court of Appeals of Texas,
Tyler.

Jan. 31, 2007.

Discretionary Review Refused
April 25, 2007.

Daniel R. Scarbrough, for appellant.

Douglas E. Lowe, Stanley A. Sokolowski, for appellee.

Panel consisted of WORTHEN, C.J. and HOYLE, J.

## OPINION

BRIAN HOYLE, Justice.

Jamie Cortez Clewis appeals his conviction for delivery of between one and four grams of cocaine, for which he was sentenced to imprisonment for fifteen years. In one issue, Appellant challenges the admission of evidence during the punishment phase of underlying charges the trial court had dismissed. We affirm.

### BACKGROUND

Appellant was indicted in multiple causes [1] for separate instances of delivery of between one and four grams of cocaine. The matter proceeded to trial, and a jury was empaneled and sworn. The charges were read before the jury in each cause. Appellant pleaded "not guilty" to the charges in each cause except for the charges in cause number 27367, to which Appellant pleaded "guilty." The trial court accepted Appellant's guilty plea. Thereafter, the prosecuting attorney

---

1. Specifically, Appellant was indicted in cause numbers 27361, 27362, 27363, 27364, 27365, 27366, and 27367.

sought to dismiss the remaining causes without prejudice, stating that the State intended to introduce evidence concerning the dismissed causes during the punishment phase for cause number 27367. The trial court granted the State's motion to dismiss.

Cause 27367 proceeded to a trial on punishment. During its presentation of evidence, the State sought to introduce through its witnesses the underlying facts of some of the causes against Appellant that were previously dismissed. Over Appellant's objection, the trial court permitted the State to introduce such evidence. Ultimately, the jury assessed Appellant's punishment at imprisonment for fifteen years. The trial court sentenced Appellant accordingly, and this appeal followed.

### ADMISSION OF DISMISSED CASES AS PUNISHMENT EVIDENCE

In his sole issue, Appellant argues that the trial court erred in admitting evidence concerning the underlying factual circumstances of causes previously dismissed in the trial on punishment for cause number 27367. Specifically, Appellant argues that the trial court's granting of the State's motion to dismiss the causes in question after the jury was empaneled and sworn was tantamount to an acquittal on each cause dismissed. Thus, Appellant contends that the admission of evidence relating to such dismissed causes is barred by collateral estoppel and violates his constitutional protections against double jeopardy.[2]

Texas Code of Criminal Procedure, article 37.07, section 3(a) governs the admission of evidence in the punishment phase of noncapital cases. Section 3(a) provides as follows:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX.CODE CRIM. PROC. ANN. art. 37.07 § 3(a) (Vernon Supp.2006).

### Double Jeopardy

 The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense. U.S. CONST. amend. V. This clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Ex parte Watkins*, 73 S.W.3d 264, 267 n. 5 (Tex.Crim.App.2002). A person is in legal jeopardy when he is tried in a court of competent jurisdiction upon a pleading sufficient in form and substance to sustain a conviction, when a jury has been charged with his deliverance, and when the indictment or information has been read to the jury and the plea of the accused heard. *See Rameriz v. State*, 171 Tex.Crim. 507,

---

**2.** Appellant further argues that the trial court's admission of such evidence violates

Texas Code of Criminal Procedure, article 1.11.

352 S.W.2d 131, 132–33 (Tex.Crim.App. 1961).

In the case at hand, it is undisputed that jeopardy attached before the trial court granted the State's motion to dismiss. But even though jeopardy attached, the admission of such evidence in a trial on punishment does not violate Appellant's protection against double jeopardy. Double jeopardy applications have historically been found inapplicable to sentencing proceedings because the determinations at issue do not place a defendant in jeopardy for an offense. *See Monge v. California,* 524 U.S. 721, 728, 118 S.Ct. 2246, 2250, 141 L.Ed.2d 615 (1998); *see also Powell v. State,* 898 S.W.2d 821, 830 (Tex.Crim.App. 1994). Likewise, sentence enhancements are not construed as additional punishment for the previous offense since they act to increase a sentence because of the manner in which the defendant committed the crime of conviction. *See Monge,* 524 U.S. at 728, 118 S.Ct. at 2250.

In *Powell,* the appellant argued that the trial court abused its discretion by failing to exclude at the punishment phase evidence of a prior attempted murder for which the appellant had been tried and acquitted in Louisiana. *Id.* at 829. The court addressed the issue as follows:

> In the instant case, appellant was not retried for the same offense for which he was previously tried and acquitted in Louisiana; he was instead tried for and convicted of the capital murder of a ten-year-old girl. Evidence of the extraneous offense was offered by the State at the punishment phase of appellant's trial merely to assist the jury in its determination of appellant's deathworthiness, specifically to determine whether appellant imposed a future danger to society, not to prove beyond a reasonable doubt that appellant committed attempted murder of Ms. Jackson in Louisiana.

> We conclude that the double jeopardy clause of the Fifth Amendment was not violated in the instant case by the trial court's decision to admit … testimony concerning appellant's extraneous offense. ….

> Appellant also claims that the trial court's admission of his extraneous misconduct for which he was tried and acquitted in Louisiana violated Article 1.11 of the Texas Code of Criminal Procedure, which provides that "[a]n acquittal of the defendant exempts him from a second trial or a second prosecution for the same offense." In the instant case, appellant was not retried for the offense for which he was acquitted in Louisiana. Nor does the punishment phase of appellant's capital murder trial constitute a "second trial or second prosecution" for that misconduct. We therefore reject appellant's claim based on Article 1.11 of the Texas Code of Criminal Procedure.

*Id.* at 830–31.

We likewise hold that the trial court in the case at hand did not abuse its discretion in admitting evidence of Appellant's extraneous conduct at issue because the evidence was offered by the State at the punishment phase of Appellant's trial to assist the jury in its assessment of Appellant's punishment, not to seek to hold Appellant criminally responsible for delivery of cocaine in the previously dismissed causes. *See id.* at 830; *see also Fields v. State,* 1 S.W.3d 687, 688 (Tex.Crim.App. 1999) (Prior crimes or bad acts are introduced to provide additional information which the jury may use to determine what sentence the defendant should receive.).

### Collateral Estoppel

The doctrine of collateral estoppel is embodied within the constitutional bar against double jeopardy, but the two

doctrines are not identical.[3] *See Ex parte Watkins,* 73 S.W.3d at 267. Double jeopardy bars any retrial of a criminal offense, while collateral estoppel bars any retrial of specific and discrete facts that have been fully and fairly adjudicated. *Id.* Double jeopardy applies only to criminal cases, while collateral estoppel applies in both criminal and civil proceedings. *Id.* at 267–68. Thus, cases hinging on the doctrine of double jeopardy do not necessarily apply to a collateral estoppel claim and those hinging on the doctrine of collateral estoppel do not necessarily apply to a claim of double jeopardy. *Id.* at 268. The two doctrines are treated similarly, however, when a collateral estoppel claim is, as in the instant case, based on the constitutional rule set out in *Ashe v. Swenson. Ex parte Watkins,* 73 S.W.3d at 268; *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970).

 Under this constitutionally based doctrine of collateral estoppel, when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. *Ex parte Watkins,* 73 S.W.3d at 268; *State v. Lee,* 15 S.W.3d 921, 929 (Tex.Crim. App.2000) (Keasler, J., concurring) ("If a verdict at trial necessarily includes the determination of an ultimate fact issue in the defendant's favor, and if proof of that issue is necessary for the prosecution to convict the defendant in a subsequent proceeding, then the prosecution is estopped from relitigating that issue, and the defendant is acquitted of that offense."). That is, once a jury determines a discrete fact in favor of a criminal defendant, the State cannot contest the jury's finding in a subsequent proceeding. *Ex parte Watkins,* 73 S.W.3d at 268.[4]

 In applying the doctrine of collateral estoppel, courts must first determine whether the jury determined a specific fact, and if so, how broad—in terms of time, space, and content—was the scope of its finding. *Id.* Before collateral estoppel will apply to bar relitigation of a discrete fact, that fact must necessarily have been decided in favor of the defendant in the first trial. *Id.* The mere possibility that a fact may have been determined in a former trial is insufficient to bar relitigation of that same fact in a second trial. *Id.* In each case, courts must review the entire trial record, as well as the pleadings, the charge, and the arguments of the attorneys, to determine "with realism and rationality" precisely which facts the jury necessarily decided and whether the scope of its findings regarding specific historical facts bars relitigation of those same facts in a second criminal trial. *Id.* at 268–69; *see also Dowling v. United States,* 493 U.S. 342, 350, 110 S.Ct. 668, 673, 107 L.Ed.2d 708 (1990) (citing *Ashe,* 397 U.S. at 444, 90 S.Ct. at 1194); *Dunklin v. State,* 194 S.W.3d 14, 24 (Tex.App.-Tyler 2006, no pet.). The burden is on the defendant to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding. *See Dowling,* 493 U.S. at 350, 110 S.Ct. at 673.

---

**3.** Double jeopardy is sometimes called claim preclusion, while collateral estoppel is called issue preclusion. *Ex parte Watkins,* 73 S.W.3d at 267 n. 6. But the two doctrines are not coextensive, that is, application of collateral estoppel does not require that there also be finding that there is double jeopardy. *Id.* at 270 n. 20. Rather, collateral estoppel is applicable in criminal cases only when double jeopardy is not. *Id.* (citing *United States v. Bailin,* 977 F.2d 270, 275 (7th Cir.1992)).

**4.** Where there is a lesser burden of proof in the subsequent proceeding, relitigation is permissible. *See United States v. Watts,* 519 U.S. 148, 157, 117 S.Ct. 633, 638, 136 L.Ed.2d 554 (1997).

Appellant cites *Rameriz v. State,* for the proposition that "[t]he dismissal of a prosecution is tantamount to an acquittal of the charge." The court in *Rameriz* reaffirmed the principle that "a person is in legal jeopardy when he is put upon trial in a court of competent jurisdiction upon a pleading sufficient in form and substance to sustain a conviction, when a jury has been charged with his deliverance and when the indictment or information has been read to the jury and the plea of the accused heard." *Id.* at 132–33. In *Black v. State,* 143 Tex.Crim. 318, 158 S.W.2d 795 (1942), the court of criminal appeals did, in fact, state that a dismissal is tantamount to an acquittal. *Id.* at 796.

Yet the fact that the trial court's dismissal is "tantamount to an acquittal" is not dispositive of the issue. The United States Supreme Court has explained that an "acquittal on criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt." *Watts,* 519 U.S. at 155, 117 S.Ct. at 637. The court continued, "An acquittal is not a finding of any fact. An acquittal can only be an acknowledgment that the government failed to prove an essential element of the offense beyond a reasonable doubt. Without specific jury findings, no one can logically or realistically draw any factual finding inferences[.]" *Id.*[5] Thus, even in the case of an acquittal, we must nonetheless review the record to determine "with realism and rationality" precisely which facts

the jury necessarily decided and whether the scope of its findings regarding specific historical facts bars relitigation of those same facts in a second criminal trial. *See Ex parte Watkins,* 73 S.W.3d at 268–69.

To determine whether a fact was previously "litigated" we consider (1) whether the parties were fully heard, (2) whether the court supported its decision with a reasoned opinion, and (3) whether the decision was subject to appeal or was in fact reviewed on appeal. *See Cole v. G.O. Assoc., Ltd.,* 847 S.W.2d 429, 431 (Tex.App.-Fort Worth 1993, writ denied);[6] *see also State v. Aguilar,* 947 S.W.2d 257 (Tex.Crim.App.1997). In the case at hand, by its dismissal, the trial court did not resolve any of the underlying facts of the dismissed causes. The record reflects that the facts of these causes were never litigated. Rather, the trial court simply granted the State's motion to dismiss cause numbers 27361, 27362, 27363, 27364, 27365, and 27366 without prejudice. Thus, since no litigation of facts was undertaken, nor any factual determination made with regard to these causes, we hold that the State was not barred by collateral estoppel from introducing the evidence in question. Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

GRIFFITH, J., dissenting.

---

**5.** As set forth previously, in *Watts,* the court set forth an exception to the collateral estoppel doctrine wherein facts could be relitigated. *See* n. 4. We do not rely on that exception in the instant case.

**6.** The discussion of what constitutes "litigation" with regard to collateral estoppel is often found in civil jurisprudence. However, given that the concept of collateral estoppel is

a creation of civil law, civil cases are instructive on the question of what constitutes "litigation" in a criminal case. *See Johnston v. American Med. Int'l,* 36 S.W.3d 572, 576 (Tex. App.-Tyler 2000, pet. denied), (construing "litigation" with regard to a prior criminal matter relying on civil case law) (citing *State Farm Fire & Cas. Co. v. Fullerton,* 118 F.3d 374, 378, 384 (5th Cir.1997)).

SAM GRIFFITH, Justice, dissenting.

I respectfully dissent. As the majority opinion notes, Appellant was charged in seven cases with delivery of cocaine. A jury was empaneled and sworn. The indictments were read to the jury, and Appellant then entered his pleas, "guilty" to cause number 27367 and "not guilty" to the other six indictments. The State then moved to dismiss the six indictments to which Appellant had pleaded "not guilty," and the trial court granted the State's motion. The trial proceeded in cause number 27367. During the punishment phase, the State sought to introduce evidence to the jury of the facts of the cases to which Appellant pleaded "not guilty" and the trial court dismissed on the State's motion after jeopardy had attached. Appellant strenuously objected to the admission of the dismissed cases on the grounds of double jeopardy under the federal and state constitutions and collateral estoppel.

I agree with the majority that jeopardy attached to the six cases that were dismissed. However, I disagree with its holding that collateral estoppel does not bar evidence of the dismissed cases.

Collateral estoppel means that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). In *Ashe*, the United States Supreme Court considered the application of collateral estoppel to a criminal case. Ashe was indicted as one of three or four men who robbed six men engaged in a poker game. Ashe was acquitted at trial of an armed robbery of one of the victims. The State then tried and the jury convicted Ashe on a charge of committing armed robbery of another of the victims. Ashe appealed, contending collateral estoppel prevented the State

from prosecuting him on the second charge. The Court in *Ashe* noted that

> the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."

*Id.*, 397 U.S. at 444, 90 S.Ct. at 1194. The court then reviewed the evidence, and determined the only issue on which the first jury could have acquitted Ashe was a failure of the evidence to identify Ashe as one of the robbers. The Court held that the State was precluded from prosecuting Ashe again "in the hope that a different jury might find that evidence more convincing." *Id.*

The issue before us is whether evidence of dismissed cases against a defendant can be used against that defendant at a subsequent punishment hearing in another case after (1) the defendant has been brought to trial and placed in jeopardy on the dismissed cases, (2) the defendant has pleaded not guilty, (3) the State has offered no evidence in the cases, and (4) the trial court then has dismissed those cases against the defendant. Texas Code of Criminal Procedure article 37.07, section 3(a) allows the admission of evidence, subject to other evidentiary rules, only if "evidence of an extraneous crime or bad act [can be] ... shown beyond a reasonable doubt by evidence to have been committed

by the defendant...." TEX.CODE CRIM. PROC. ANN. art. 37.07 § 3(a).

In the present case, Appellant pleaded not guilty to six of the charges in front of a jury empaneled and sworn to hear the case. Jeopardy attached. The State then dismissed those six indictments without presenting any evidence. According to *Ashe*, in determining whether collateral estoppel prevents the State from relitigating these cases, a reviewing court is to "examine the record of a prior proceeding ... and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Ashe*, 397 U.S. at 444, 90 S.Ct. at 1194.

In most cases where the issue of collateral estoppel is raised, there is some evidence on each issue. In those cases, it is difficult, if not impossible, for a reviewing court to determine if the issue that a defendant seeks to preclude in a subsequent trial was the exact issue on which the jury failed to find sufficient evidence, resulting in a "not guilty" verdict. By contrast, in the present case, there is a complete absence of any evidence admitted on any of the six dismissed indictments; therefore, there was absolutely no evidence on any element of the six charged offenses that were dismissed. Had the State not moved to dismiss the cases, proceeded to a jury trial, and declined to present evidence, the jury would have been required to enter a "not guilty" verdict on each case. The result should not be different merely because the State elected to move for dismissal after the jury was empaneled and jeopardy attached instead of proceeding to trial. In either scenario, any subsequent attempt by the State to prove these issues beyond a reasonable doubt would constitute relitigation of those issues. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a) (State has burden of proving beyond a reasonable doubt by evidence that extraneous acts were committed by the defendant). In other words, at the punishment phase, the State cannot seek to establish what was found against it as a result of the dismissal. Accordingly, the State is precluded, by virtue of collateral estoppel, from relitigating any of the elements of the six cases that were dismissed against Appellant, and estopped from adducing any evidence of those offenses at the punishment phase of the remaining case. Therefore, I would reverse and remand Appellant's case for a new punishment hearing with instructions that evidence of the six dismissed cases be excluded.