Opinion filed August 31,
2011

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00265-CR 

                                                    __________

 

                           WILLIAM
KEVIN CHAPMAN, Appellant

                                                             V.

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 161st District Court

                                                             Ector
County, Texas

                                                   Trial
Court Cause No. B-35,830 

 



 

                                                                  O
P I N I O N

            The
jury convicted William Kevin Chapman of two counts of sexual assault of a child
(Counts One and Two) and five counts of indecency with a child (Counts Three
through Seven).  The jury assessed punishment at confinement for a term of six
years for each sexual assault offense and confinement for a term of two years for
each indecency with a child offense.  The trial court sentenced appellant
accordingly and ordered that the sentences run concurrently.  The trial court
entered separate judgments on each of the counts.  Because we conclude that the
evidence was legally insufficient to support appellant’s conviction on Count
Four, we reverse the trial court’s judgment and render an acquittal on Count
Four.  We affirm the trial court’s judgments on Counts One, Two, Three, Five,
Six, and Seven.

The
Charged Offenses

            The
indictment referred to the child as “A.L.B.”  At the time of the alleged
offenses, A.L.B. was fourteen years old.  The indictment alleged that the offenses
in Counts One through Five occurred on or about September 22, 2007.  Counts One
and Two alleged that appellant sexually assaulted A.L.B. by penetrating her
mouth with his sexual organ and by penetrating her sexual organ with his
finger.  Counts Three through Five alleged that appellant engaged in sexual
contact with A.L.B. by touching her sexual organ with his finger, by touching
her breast with his hand, and by making her touch his sexual organ.  The
indictment alleged that the offenses in Counts Six and Seven occurred on or
about September 15, 2007.  Counts Six and Seven alleged that appellant engaged
in sexual contact with A.L.B. by making her touch his sexual organ and by touching
her breast with his hand.

Issues
on Appeal

            Appellant
presents seven points of error for review.  Appellant’s first three points
relate to the guilt/innocence phase of the trial.  In his first point,
appellant contends that the trial court erred by denying his motion for
mistrial that was based on allegedly improper jury argument.  In his second and
third points, appellant challenges the legal and factual sufficiency of the
evidence to support his convictions.  Appellant’s last four points relate to
the punishment phase of the trial.  In his fourth and fifth points, appellant challenges
the legal and factual sufficiency of the evidence to support what he contends
was a jury finding at the punishment phase that the alleged offenses occurred
on or after September 1, 2007.  Based on this allegedly unsupported finding,
appellant asserts that the jury could not consider him for community
supervision.  In his sixth point, appellant contends that the evidence at the
punishment phase was legally insufficient to prove that he committed an
extraneous offense.  In his seventh point, appellant contends that the trial
court erred by admitting evidence of the extraneous offense.

Sufficiency
of the Evidence Standard of Review

            We
will first address appellant’s challenges to the sufficiency of the evidence to
support his convictions.  We note at the outset of our analysis that the Texas
Court of Criminal Appeals has now held in Brooks v. State, 323 S.W.3d
893 (Tex. Crim. App. 2010), that there is “no meaningful distinction between
the Jackson v. Virginia[1]
legal-sufficiency standard and the Clewis[2]
factual-sufficiency standard”; that the Jackson v. Virginia standard is
the “only standard that a reviewing court should apply in determining whether
the evidence is sufficient to support each element of a criminal offense that
the State is required to prove beyond a reasonable doubt”; and that “[a]ll
other cases to the contrary, including Clewis, are overruled.”  Brooks,
323 S.W.3d at 895, 902, 912 (footnotes added).  Accordingly, a challenge to the
factual sufficiency of the evidence is no longer viable.  We also note that
appellant did not have the benefit of the opinion in Brooks when this
case was briefed.  We will review appellant’s sufficiency challenges under the
legal sufficiency standard set forth in Jackson v. Virginia.  Under this
standard, we must review all of the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307; Brooks, 323 S.W.3d at 899. 

The
Evidence at Trial

            Shortly
after her fourteenth birthday, A.L.B. started taking guitar lessons from
appellant at T.J. Rabbit’s music store in Odessa.  Appellant was thirty years
old at that time.  A.L.B.’s mother usually paid for the lessons by check.  The
earliest check for a lesson was dated June 21, 2007, and the last check for a
lesson was dated September 28, 2007.  A.L.B. believed that she had between ten
and twelve lessons.  The evidence showed that her mother wrote eleven checks
for lessons.

            A.L.B.
testified that the lessons took place in the guitar room at the store.  She
said that appellant kissed her at some of the lessons.  She said that, by late
August or early September, “[t]here were more intimate actions going on, deeper
than just kissing.”  During her testimony, A.L.B. described in detail two
incidents that she said happened in September.  She said that, during the first
incident, appellant told her that he had been unable to stop staring at her
breasts at an earlier lesson.  A.L.B. testified that she and appellant then
played truth or dare and that appellant told her he “would do anything.” 
Appellant told A.L.B. that he was going to change clothes.  He took some
sweatpants out of a bag that was underneath the desk in the guitar room.  A.L.B.
said that she covered her face with her hands but that appellant spread her fingers
apart so that she could see him change.  Appellant was not wearing anything
under the sweatpants.  A.L.B. testified that there was an opening in the front
of the sweatpants and that appellant took his penis out of the sweatpants with
his hand.  A.L.B. testified that appellant’s penis was “hard.”  Appellant asked
her whether she wanted to touch his penis, and she responded, “Sure.”  Appellant
stood up and lowered his pants.  A.L.B. testified that appellant had a shaved
pubic area.  A.L.B. said that she touched appellant’s penis with her hand.  She
said that appellant took her hand and stroked his penis with it.  Appellant
asked A.L.B. whether she had ever seen a penis ejaculate.  She responded that
she had not.  Appellant then asked her whether she would like to see a penis
ejaculate, and she said, “Sure.”  A.L.B. said that appellant asked her to touch
his “balls” and that she responded, “Okay.”  She said that she massaged appellant’s
“balls” while he stroked his penis.  A.L.B. said that appellant ejaculated on
the floor near the desk that was in the guitar room.  A.L.B. also testified
that appellant touched her breasts with his hand and kissed her breasts during
this first incident.

            A.L.B.
testified that she was scared to tell her mom about what had happened and that
she promised appellant that she would not tell anyone about what had happened.  A.L.B.
testified that the second incident occurred in a small hallway that connected
the guitar room and the store.  A.L.B. said that she and appellant were
involved in “very aggressive kissing.”  A.L.B. said that appellant repeatedly
requested her to give him oral sex.  She testified that she initially denied
appellant’s requests but eventually gave him oral sex.  A.L.B. said that she
stopped giving appellant oral sex and that she and appellant then resumed
“aggressive kissing.”  She said that appellant moved his hand down and then
“fingered [her].”  A.L.B. said that, after appellant finished, he “[l]icked
[his hand] and put it in his mouth.”

            A.L.B.
believed that she had two more lessons after the second incident occurred.  She
testified that nothing happened at these lessons.  The evidence showed that
A.L.B.’s mother paid by check four times for lessons in September.  A.L.B.
testified that she told her friend, Sarah, about what had happened.  A.L.B. was
afraid to tell her mother.  A.L.B. testified that she started “cutting” herself
and that she cut her wrist.  She talked to a counselor at school.  The
counselor asked her why she had cut herself.  A.L.B. told him that “there was
something going on with an older person.”  The counselor called A.L.B.’s mother,
and she came up to the school.  A.L.B. said that she then told her mother and
the counselor the “whole story” and that her mother and the counselor called
the police.

            Based
on A.L.B.’s complaint, the police obtained a search warrant for T.J. Rabbit’s
and a search warrant to obtain biological physical evidence from appellant.  During
the investigation, pictures of appellant’s pubic area were taken.  The pictures
showed that appellant had a shaved pubic area.  Police officers also collected
various samples from the guitar room for DNA testing.  That testing revealed
that no semen was present in any of the samples.

Analysis

            Appellant
relies on inconsistencies in A.L.B.’s testimony and the lack of DNA evidence
supporting her claims in arguing that the evidence was insufficient to support
his convictions.  The jury, as the trier of fact, was the sole judge of the
credibility of the witnesses and of the weight to be given to their testimony.  Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2007), art. 38.04 (Vernon 1979).  As such, the jury was entitled to
resolve any conflicts in A.L.B.’s testimony against appellant and to conclude
that any inconsistencies in her testimony were inconsequential.  Cain v.
State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997); Empty v. State,
972 S.W.2d 194, 196-97 (Tex. App.—Dallas 1998, no pet.).  The testimony of a
child victim alone is sufficient to support convictions for sexual assault of a
child and indecency with a child.  Tex.
Code Crim. Proc. Ann. art. 38.07 (Vernon 2005); Perez v. State,
113 S.W.3d 819, 838 (Tex. App.—Austin 2003, pet. ref’d); Tear v. State,
74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref’d).  The photographs of
appellant’s pubic area corroborated A.L.B.’s testimony that appellant had a
shaved pubic area.  Viewing all the evidence in the light most favorable to the
verdict, we conclude that a rational trier of fact could have found all the
elements of the offenses in Counts One, Two, Three, Five, Six, and Seven beyond
a reasonable doubt.  Therefore, the evidence is sufficient to support appellant’s
convictions for those offenses.  Appellant’s second and third points of error are
overruled as to these convictions.  However, there was no evidence that
appellant touched A.L.B.’s breast with his hand during the second incident. 
Therefore, we conclude that the evidence is legally insufficient to support
appellant’s conviction for the offense alleged in Count Four.  Appellant’s second
point of error challenging the legal sufficiency of the evidence is sustained
as to Count Four.  Because a challenge to the factual sufficiency of the
evidence is no longer viable and because we have held that the evidence is
legally insufficient to support appellant’s conviction on Count Four, we do not
reach appellant’s factual sufficiency claim as to Count Four.

Jury
Argument

            Appellant
argues in his first point of error that the trial court erred by denying his
motion for mistrial based on improper jury arguments by the State.  We review a
trial court’s denial of a motion for mistrial under an abuse of discretion
standard.  Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  Proper
jury argument generally falls within one of four general areas:  (1) summation
of the evidence; (2) reasonable deduction from the evidence; (3) answer to
argument of opposing counsel; or (4) plea for law enforcement.  Brown v.
State, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008); Esquivel v. State,
180 S.W.3d 689, 692 (Tex. App.—  Eastland 2005, no pet.).  Counsel is allowed
wide discretion in drawing inferences from the record that are reasonable,
fair, legitimate, and offered in good faith.  Shannon v. State, 942
S.W.2d 591, 597 (Tex. Crim. App. 1996).

            On
appeal, appellant complains that the prosecutor engaged in improper jury
argument in three instances.  First, appellant contends that the prosecutor
improperly commented on extraneous offenses that had not been admitted into
evidence.  The following exchange took place during appellant’s counsel’s
argument:

[DEFENSE COUNSEL]:
There is not one shred of evidence that [appellant] has so much as even gotten
a speeding ticket in his life.  Not one shred of evidence that he had ever
committed –

 

[PROSECUTOR]: Your
Honor, I object that there is rules of evidence that allow and do not allow
certain types of evidence to come into a court of law, and [appellant’s
counsel] is basically graying those lines without the jury knowing what those
lines are.

 

THE COURT: The jury
will have the Court’s Charge to guide them through their deliberations. 
Overruled.

 

Later,
appellant’s counsel stated, “So they are asking you to convict a man when there
is no evidence that he has ever been in trouble in his life before.”

During
the State’s rebuttal argument, the prosecutor responded to the argument by
appellant’s counsel.  The following exchange took place:

[PROSECUTOR]:  [Appellant’s
counsel] also sat up here and told you there was nothing about any prior
tickets or anything else, any extraneous offenses or anything else.  He said
that to you just a second ago.  And I objected, and there is a reason for
that.  Because the law does not allow you to hear about those things.

 

[DEFENSE COUNSEL]:  Objection,
Your Honor.  I move for a mistrial.

 

[PROSECUTOR]:  He
brought it up, Your Honor.

 

THE COURT:  Approach
the Bench.  Put the jury in the jury room.

 

The trial court
then conducted a hearing out of the jury’s presence.  Appellant’s counsel
argued that the prosecutor’s argument was outside the record and improper
because it implied that appellant had committed extraneous offenses when, in
fact, there was no evidence of extraneous offenses.  The trial court overruled
appellant’s objection and motion for mistrial.  The trial court also warned the
prosecutor to “[s]tay away from the extraneous offense” in the remainder of his
argument.  The prosecutor heeded the trial court’s warning.

            The
prosecutor did not state that appellant had committed an extraneous offense. 
The prosecutor was attempting to explain the law as to admissibility of
extraneous offense evidence.  The record shows that the prosecutor made the
complained-of argument in answer to the argument of appellant’s counsel.  A
response to opposing counsel’s argument is an appropriate argument.  Brown,
270 S.W.3d at 570.  In addition, a defendant cannot complain of improper
prosecutorial argument when he invited the argument.  Ripkowski v. State,
61 S.W.3d 378, 393 (Tex. Crim. App. 2001).  For these reasons, we cannot
conclude that the trial court abused its discretion in overruling appellant’s
objection to the prosecutor’s argument and his motion for mistrial.

            Appellant
also contends that the prosecutor engaged in improper jury argument by
referring to him as a “pedophile” during jury argument.  However, appellant did
not object to the prosecutor’s “pedophile” comments at trial.  When a defendant
fails to object to jury argument, he forfeits his right to raise the issue on
appeal, even if the issue is constitutional in nature.  Threadgill v. State,
146 S.W.3d 654, 670 (Tex. Crim. App. 2004); Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996); Weems v. State, 328 S.W.3d 172,
179 (Tex. App.—Eastland 2010, no pet.).  Therefore, appellant waived any error
in the State’s “pedophile” comments.

            Had
appellant preserved error on the State’s “pedophile” comments, we would
conclude that the comments were proper.  “Pedophile” is defined as “one
affected with pedophilia.”  Merriam-Webster’s
Collegiate Dictionary 913 (11th ed. 2003).  “Pedophilia” is defined as
“sexual perversion in which children are the preferred sexual object.”  Id. 
At the time of the conduct alleged in the indictment, appellant was thirty
years old and A.L.B. was fourteen years old.  The State presented evidence that
appellant engaged in a pattern of grooming A.L.B. to engage in sexual conduct
with him.  We have held above that the evidence is sufficient to support
appellant’s conviction for six offenses.  The prosecutor made a reasonable
deduction from the evidence that appellant was a pedophile.


            Appellant
also complains that the prosecutor improperly referred to his counsel as a
liar.  The following exchange took place during the State’s rebuttal argument:

[PROSECUTOR]:  And
[appellant’s counsel] is the one that is lying to you, because one of the last
things he said was –

 

[DEFENSE COUNSEL]: 
Objection, Your Honor, improper argument.

 

THE COURT:  I will
sustain that.  The jury will disregard the last statement by the prosecutor. 
Let’s move along.

 

Thus, the trial
court sustained appellant’s objection to the complained-of comment, and the
trial court, on its own, instructed the jury to disregard the comment. 
Appellant did not move for a mistrial based on the comment.  When an appellant
has been given all the relief he requested at trial, there is nothing to
complain of on appeal.  Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim.
App. 1993); Smith v. State, 114 S.W.3d 66, 71 (Tex. App.—Eastland 2003,
pet. ref’d).  Appellant failed to preserve this issue for review.  Appellant’s
first point of error is overruled.

Appellant’s
Eligibility for Community Supervision

            In
his fourth and fifth points of error, appellant challenges the sufficiency of
the evidence to support what he contends was a jury finding at the punishment
phase that the offenses occurred on or after September 1, 2007.  Apparently at
the request of appellant’s counsel, the trial court instructed the jury as
follows:

            In this
case, there is a question of fact as to when the offenses occurred.  If you
find beyond a reasonable doubt that the offenses occurred prior to September 1,
2007, then the defendant is eligible for probation.  If you find beyond a
reasonable doubt that the offenses occurred after September 1, 2007, then the
defendant is not eligible for probation.[3]

 

The trial court
also submitted two verdict forms for each offense.  One of the forms provided
as follows:

     We, the Jury,
having previously found [appellant] guilty of the offense, . . . find that the
offense was committed prior to September 1, 2007 and assess his punishment at
confinement . . . for _____ years, and we, the jury, having assessed the punishment
of [appellant] at not more than ten (10) years confinement . . . and having
further found that he has never before been convicted of a felony, WE DO
RECOMMEND that the imposition of the sentence be suspended and he be placed on
community supervision.

 

The jury did not
answer this verdict form for any of the offenses and, therefore, did not
recommend that appellant be placed on community supervision.  The other verdict
form for each offense provided as follows:

     We, the Jury,
having previously found [appellant] guilty of the offense, . . . assess his
punishment at confinement . . . for _____ years.

 

This verdict
form did not give the jury the option of recommending community supervision.  The
jury answered this verdict form for all the offenses.  The jury assessed
punishment at six years confinement for each of the sexual assault offenses and
two years confinement for each of the indecency with a child offenses.

            Appellant
contends that the jury found the offenses occurred on or after September 1,
2007.  He challenges the sufficiency of the evidence to support that finding.  Appellant
asserts that, based on this allegedly unsupported finding, the “jurors were
barred from considering probation as allowed by the law before September 2007.” 
We note the record does not establish that the jury found the offenses occurred
on or after September 1, 2007.  The first verdict form quoted above includes a
finding that the offenses were committed prior to September 1, 2007.  If the
jury made such a finding, the verdict form did not give the jury the option of
answering “WE DO NOT RECOMMEND” that appellant be placed on community
supervision.  Therefore, if the jury found that the offenses occurred prior to
September 1, 2007, but did not want to recommend appellant for community
supervision, it was necessary for the jury to answer the second verdict form
quoted above, which the jury did for all seven offenses.  The second verdict
form did not require the jury to find that the offenses occurred on or after
September 1, 2007.  Based on these facts, the record does not support
appellant’s contention that the jury found the offenses occurred on or after
September 1, 2007.

            However,
assuming that the jury found the offenses occurred on or after September 1,
2007, and also assuming that appellant may properly challenge the sufficiency
of the evidence to support the finding, we conclude that the evidence is
sufficient to support the finding.  A.L.B. testified that the two incidents
occurred in September 2007.  She said that she did not know the exact days in
September that they occurred.  Appellant’s mother paid for four lessons by
check in September.  Appellant relies on what he considers to be
inconsistencies in A.L.B.’s testimony in arguing that the evidence was
insufficient to support a finding that the offenses occurred on or after
September 1, 2007.  It was within the jury’s province to resolve any conflicts
or inconsistencies in the evidence.  Wesbrook v. State, 29 S.W.3d 103,
111 (Tex. Crim. App. 2000); State v. Moreno, 297 S.W.3d 512, 522 (Tex.
App.—Houston [14th Dist.] 2009, pet. ref’d).  Viewing all the evidence, we
conclude that a rational trier of fact could have found that the offenses
occurred on or after September 1, 2007.  Appellant’s fourth and fifth points of
error are overruled.

Evidence
of Extraneous Offense

Appellant
argues in his sixth and seventh points of error that the trial court erred by
admitting evidence of an extraneous offense at the punishment phase.  We review
a trial court’s decision to admit extraneous offense evidence during the
punishment phase under an abuse of discretion standard.  Mitchell v. State,
931 S.W.2d 950, 953 (Tex. Crim. App. 1996).

Over
appellant’s objection, the trial court allowed K.N. to testify about the
extraneous offense.  K.N. was fourteen years old at the time of trial.  She testified
that she knew appellant.  She said that she met appellant when she accompanied
her friend to a guitar lesson that her friend had with appellant.  K.N. said
that appellant asked her if she wanted to play a guitar and that she responded,
“Yes.”  Appellant then asked K.N.’s friend to get K.N. a guitar.  K.N.’s friend
left the room to get a guitar.  K.N. testified that appellant “told [her] to
scoot over” and that he then “showed [her] a video on his phone of him
masturbating.”  K.N. said that appellant was not wearing any clothes in the
video.  K.N. said that she was sure that appellant was the person in the
video.  K.N. said that she told her friend about the incident right after they
left the lesson.  K.N. also said that, about two hours later, she told the
police what had happened.

The
record shows that, based on K.N.’s allegations, appellant was charged with the
offense of selling, distributing, or displaying harmful material to a minor. 
Later, the State filed a motion to dismiss the cause for the stated reason of
“insufficient evidence to prove all elements beyond a reasonable doubt.”  The
trial judge entered an order of dismissal in that cause.

Appellant
asserts that the dismissal amounted to a judicial determination that there was
insufficient evidence to prove the extraneous offense.  In light of the
dismissal, appellant argues in his sixth point of error that the evidence was
legally insufficient to prove that he committed the extraneous offense.  Based
on the dismissal, appellant argues in his seventh point of error that the
doctrines of res judicata and collateral estoppel barred admission of the
extraneous offense evidence.

The
doctrine of res judicata serves the same basic purposes and principles in civil
proceedings that double jeopardy serves in criminal proceedings.  Ex parte
Watkins, 73 S.W.3d 264, 267 n.7 (Tex. Crim. App. 2002).  Double jeopardy bars
any retrial of a criminal offense, while collateral estoppel bars any retrial
of specific and discrete facts that have been fully and fairly adjudicated.  Id.
at 267; Clewis v. State, 222 S.W.3d 460, 465 (Tex. App.—Tyler 2007, pet.
ref’d).  The case involving the charge for the extraneous offense against
appellant was dismissed upon the motion by the State.  There was no trial in
the case.  The facts in the case were not litigated or adjudicated.  Neither
double jeopardy nor collateral estoppel barred the State from introducing
evidence of the extraneous offense in the present case.  Clewis, 222
S.W.3d at 463-66.  K.N.’s testimony was legally sufficient to prove that
appellant committed the extraneous offense beyond a reasonable doubt.  Appellant’s
sixth and seventh points of error are overruled.

This
Court’s Ruling

            The
judgments of the trial court on Counts One, Two, Three, Five, Six, and Seven
are affirmed.  The judgment of the trial court on Count Four is reversed, and a
judgment of acquittal is rendered on that count.

                                                            

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

August 31, 2011

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.









[1]Jackson
v. Virginia, 443 U.S. 307 (1979).

 





[2]Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).





[3]The
trial court submitted a punishment charge for the sexual assault offenses
(Counts One and Two) and a punishment charge for the indecency with a child
offenses (Counts Three through Seven).  Both charges included the above-quoted
language.