# NO. 12-12-00055-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CIRILO L. CORNEJO,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Cirilo Cornejo appeals the trial court's order revoking his community supervision.   Appellant raises two issues relating to double jeopardy and ineffective assistance of counsel.   We affirm.

### BACKGROUND

A Smith County grand jury indicted Appellant for the felony offense of driving while intoxicated alleged to have occurred on or about October 18, 2009.[1]   On June 1, 2010, Appellant pleaded guilty and was placed on community supervision for a period of ten years.   On December 6, 2010, the State filed its first application to revoke Appellant's community supervision, alleging that Appellant tampered "with the functions of his SCRAM bracelet from 9:13 a.m. until 6:18 p.m." on November 11, 2010.[2]   Appellant pleaded "not true" to the allegation.   Ultimately, the State made an oral motion to dismiss, which was followed by a written motion to dismiss its application.   The trial court dismissed the application on January 24, 2011.

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b) (West Supp. 2012).

[2] The "SCRAM bracelet" is an alcohol monitoring device that Appellant was required to wear as a condition of community supervision.

On December 5, 2011, the State filed its second application to revoke Appellant's community supervision. The second application alleged three violations, specifically, that Appellant (1) "failed to complete the DWI Repeat Offender Program," (2) "tampered with the SCRAM bracelet from 9:13 a.m. to 6:18 p.m." on November 11, 2010, and (3) "tampered with the SCRAM bracelet from 11:44 a.m. to 9:34 p.m." on November 28, 2011. Appellant pleaded "true" to the State's allegation that he failed to complete the DWI Repeat Offender Program and pleaded "not true" to the State's allegations that he tampered with the SCRAM bracelet.

After a hearing on the State's second application, the trial court found that Appellant committed the alleged violations and revoked his community supervision. The trial court assessed a sentence of imprisonment for eight years. This appeal followed.

## PRESERVATION OF ERROR

In his first issue, Appellant argues that the rule against double jeopardy prevented the State from revoking his community supervision based on facts alleged in its first application to revoke. Appellant concedes that no double jeopardy objection was raised at the second revocation hearing. Accordingly, we must determine whether an exception to the requirement of error preservation applies.

### Standard of Review

Failure to present a timely and specific objection, request, or motion to the trial court for a ruling results in waiver or forfeiture of the right to present the claim on appeal. *See* TEX. R. APP. P. 33.1; *Mendez v. State*, 138 S.W.3d 334, 341-42 (Tex. Crim. App. 2004). The requirement that complaints be raised in the trial court (1) ensures that the trial court will have an opportunity to prevent or correct errors, thereby eliminating the need for a costly and time-consuming appeal and retrial; (2) guarantees that opposing counsel will have a fair opportunity to respond to complaints; and (3) promotes the orderly and effective presentation of the case to the trier of fact. *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006).

A double jeopardy claim first raised on appeal may be reviewed when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record, and (2) when enforcement of the usual rules of procedural default serves no legitimate state interest. *Ex parte Denton*, Nos. AP-76801, AP-76802, 2013 WL 2212917, at *2 (Tex. Crim. App. May 22, 2013);

2

*Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).

**Applicable Law**

The Fourteenth Amendment makes the Fifth Amendment's Double Jeopardy Clause applicable to the states. *Brown v. Ohio*, 432 U.S. 161, 164, 97 S. Ct. 2221, 2225, 53 L. Ed. 2d 187 (1977); *Ex parte Amador*, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010).[3]  It protects an accused against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Ex parte Denton*, 2013 WL 2212917, at *3; *Ex parte Amador*, 326 S.W.3d at 205.  But in an application to revoke a defendant's community supervision, the fact that a defendant was twice placed in risk of punishment does not mean that he was subjected to double jeopardy. *See Ex parte Tarver*, 725 S.W.2d 195, 197 (Tex. Crim. App. 1986).

The traditional bar against double jeopardy prohibits a second prosecution for the crime itself. *Ex parte Byrd*, 752 S.W.2d 559, 564 (Tex. Crim. App. 1988).  Double jeopardy does not prohibit twice subjecting an individual to a revocation of community supervision proceeding based on the same alleged probationary violation. *Id.*

**Discussion**

Neither of the State's applications to revoke Appellant's community supervision alleged that Appellant violated the conditions of community supervision by committing a criminal offense. Nevertheless, Appellant argues that a double jeopardy violation is clear on the record because both applications contained the same allegation–that Appellant tampered with the SCRAM bracelet on November 11, 2010, from 9:13 a.m. to 6:18 p.m.

A review of the reporter's record from the first revocation hearing shows that after testimony had begun, the State withdrew its exhibits and made an oral motion to dismiss its application. Defense counsel then stated that he assumed the State's dismissal was with prejudice, and the trial court stated, "I'm assuming that as well."  But in the written order dismissing the application, the trial court does not state that the application to revoke was dismissed with prejudice.

The only other reference to a dismissal "with prejudice" relating to the State's first application is found in a "Change of Status" document contained in the clerk's record.  That document includes

---

[3]  The Fifth Amendment provides in relevant part that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. CONST. amend. V.

3

a notation that states, "Application to revoke[] is dismissed with prejudice. Release from jail today." There is no oral or written finding in the record that shows the trial court found the State's allegation in its first application "not true."

## Conclusion

After reviewing the entire record, we cannot conclude that a double jeopardy claim is clearly apparent on the face of this record. *See Gonzalez*, 8 S.W.3d at 643. Neither application for revocation alleged that Appellant violated his community supervision by committing any criminal offense; thus, double jeopardy does not apply. *See* U.S. CONST. amend. V; *Ex parte Tarver*, 725 S.W.2d at 197 (double jeopardy protects "accused against being twice placed in jeopardy of punishment for the same offence"); *see also Clewis v. State*, 222 S.W.3d 460, 464 (Tex. App.—Tyler 2007, pet. ref'd) (double jeopardy historically inapplicable to sentencing proceedings because determinations at issue do not place a defendant in jeopardy for an offense).[4] Because double jeopardy does not apply and is thus not clearly apparent on the face of the record, the exception to error preservation does not apply. *See Gonzalez*, 8 S.W.3d at 643, 645. Accordingly, we overrule Appellant's first issue.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Appellant argues that he received ineffective assistance of counsel. Appellant bases his argument on the fact that the record "present[ed] a clear double jeopardy violation." Because we have concluded to the contrary, we need not address Appellant's second issue. *See* TEX. R. APP. P. 47.1.

### DISPOSITION

Having overruled Appellant's first issue, we *affirm* the judgment of the trial court.

**SAM GRIFFITH**
Justice

Opinion delivered May 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[4] A claim of collateral estoppel was not raised at trial or on appeal.



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**MAY 31, 2013**

**NO. 12-12-00055-CR**

**CIRILO L. CORNEJO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th Judicial District Court

of Smith County, Texas. (Tr.Ct.No. 114-0297-10)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*