

NUMBERS 13-15-00198-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**THE STATE OF TEXAS,**                                                        **Appellant,**

**v.**

**ANDREW BERNWANGER,**                                                  **Appellee.**

**On appeal from the County Court at Law No. 1
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Longoria
Memorandum Opinion by Justice Longoria**

The State brings this interlocutory appeal of the trial court's order granting appellee

Andrew Bernwanger's motion to suppress on grounds of collateral estoppel. *See* TEX.

CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West, Westlaw through Ch. 46, 2015 R.S.)

(permitting the State to bring an interlocutory appeal of an order granting a motion to

suppress).  We reverse and remand.

## I. BACKGROUND

On January 24, 2012, the State charged appellee by information with the offense of operating a motor vehicle in a public place while intoxicated.  *See* TEX. PENAL CODE ANN. § 49.04 (West, Westlaw through Ch. 46, 2015 R.S.).  The arresting officer also issued traffic citations to appellee for failing to stop at a stop sign and driving in the wrong direction on the street.  A municipal-court jury later acquitted appellee of both traffic violations.

Appellee filed a motion to suppress the traffic stop and all evidence gained from it in the State's criminal case against him.  Appellee argued that the doctrine of collateral estoppel prevented the State from relitigating whether there was reasonable suspicion to detain appellee because the municipal court jury had already determined that fact against the State.[1]  Appellee did not introduce the record of the municipal court trial or copies of the judgments of acquittal.  The State responded that the jury's decision that the State did not prove the traffic violations beyond a reasonable doubt was not a determination that there were not sufficient facts to give rise to reasonable suspicion.  The trial court orally granted appellee's motion at the end of the hearing.  The trial court signed an order the same day granting appellee's motion to suppress expressly on the ground of collateral estoppel.  No formal findings of fact and conclusions of law were requested or filed.

## II. DISCUSSION

The State argues in its sole issue that appellee failed to demonstrate that the State

---

[1] Appellee's counsel also stated that he wished to argue two other grounds in his motion to suppress, but the trial judge informed the parties that he did not have sufficient time for a full evidentiary hearing that day.

2

was collaterally estopped from relitigating the issues of reasonable suspicion because: (1) appellee did not introduce a record of the trial in municipal court; (2) the municipal-court trial determined different facts and imposed a higher burden of proof on the State than the burden applicable to a motion to suppress; and (3) appellee did not show that reasonable suspicion would be lacking even without the traffic violations.

## A. Standard of Review and Applicable Law

We review a trial court's ruling on a motion to suppress for abuse of discretion, using a bifurcated standard of review. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). When no findings of fact are requested or filed, we imply the necessary fact findings if the evidence, viewed in the light most favorable to the trial court's ruling, supports those implied findings. *Jones v. State*, No. 13-14-00183-CR, ___ S.W.3d ___, ___, 2015 WL 730845, at *2 (Tex. App.—Corpus Christi Feb. 19, 2015, no pet.) (citing *State v. Kelly*, 204 S.W.3d 808, 820 (Tex. Crim. App. 2006)). We review the trial court's conclusions of law and application of law to facts *de novo* unless they turn on assessments of credibility and demeanor. *Kerwick*, 393 S.W.3d at 273. The trial court's decision to estopp the State from relitigating an issue is a question of law applied to facts that we review *de novo*. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).

The doctrine of collateral estoppel is embodied within the constitutional prohibition against double jeopardy, but the two doctrines are not identical. *Clewis v. State*, 222 S.W.3d 460, 464–65 (Tex. App.—Tyler 2007, pet. ref'd) (citing *Ex parte Watkins*, 73 S.W.3d 264, 267 (Tex. Crim. App. 2002)). While double jeopardy protects against a subsequent prosecution for an offense for which the defendant was acquitted, collateral estoppel deals only with relitigation of specific factual determinations. *Murphy v. State*,

239 S.W.3d 791, 794 (Tex. Crim. App. 2007). Collateral estoppel means that when a valid and final judgment determines an issue of ultimate fact, that issue cannot be litigated between the same parties in any future lawsuit relating to the same event or situation. *Id.* (citing *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).

Both appellate and trial courts must examine the entire record of the prior proceeding to determine precisely what specific facts were actually decided and whether resolution of those facts necessarily forecloses further proceedings. *Guajardo v. State*, 109 S.W.3d 456, 461 (Tex. Crim. App. 2003). The burden is on the defendant to demonstrate through an examination of the record of the first proceeding "that the [factual] issue he seeks to foreclose was actually decided in the first proceeding." *Id.* at 460 (citations omitted). In the absence of a complete record, "no reviewing court can address whether collateral estoppel might apply in a particular context or whether a trial court erred in rejecting that claim in a specific case." *Id.* at 457.

## B. Discussion

Appellee candidly admits that he did not introduce any part of the record of the proceedings in the municipal court. Without a complete record of the municipal-court trial we can only speculate on what ultimate facts the jury in that court decided and whether those facts necessarily bar further proceedings. We may not base a decision that collateral estoppel applies on speculation as to what factual findings were made in the prior proceeding. *See id.* at 461. While admitting that a record of the first proceeding is required, appellee requests that we remand this case to the trial court for a full hearing where appellee may introduce the complete record of the municipal-court trial. We reject appellee's request to the extent he asks us to remand without deciding the merits of the

4

State's issue. *See Kombudo v. State*, 171 S.W.3d 888, 889 (Tex. Crim. App. 2005) (observing that Texas Rule of Appellate Procedure 47.1 requires the courts of appeals to address "every issue raised and necessary to final disposition of the appeal").

We conclude that appellee failed to carry his burden to demonstrate that the State is collaterally estopped from litigating the issue of reasonable suspicion in the suppression hearing. We sustain the State's sole issue.

### III. CONCLUSION

We reverse the trial court's order granting appellee's motion to suppress on the grounds of collateral estoppel and remand for further proceedings consistent with this opinion.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of August, 2015.